Commonwealth *v.* Thomas Potter, Sons & Co., Appellants.

*Taxation—Mercantile license tax—Manufacturing corporations—Acts of May 4, 1841, and June 8, 1891.*

A manufacturing corporation may sell its own products at its factory, or send them to a commission merchant to sell, without liability for the mercantile license tax; but if the company keeps a store or warehouse where it sells goods manufactured by others, as well as those made by itself, it is liable to assessment as a dealer, under the act of May 4, 1841, P. L. 310. The laws exempting manufacturing corporations from taxation do not relieve a company thus selling goods from the mercantile taxes.

*Penalty for delay in payment.*

On an appeal from the appraisement, no penalty is incurred for delay until after the appeal is disposed of.

| 159 | 583 |
|---|---|
| 20 SC | ¹216 |
| f 20 SC | ¹220 |
| 159 | 583 |
| 23 SC | ¹270 |
| 159 | 583 |
| 26 SC | 153 |
| 159 | 583 |
| 211 | 55 |
| 27 SC | 511 |
| 159 | 583 |
| 29 SC | ¹412 |

| 159 | 583 |
|---|---|
| e38SC | ¹127 |

Argued Jan. 8, 1894. Appeal, No. 104, July T., 1893, by defendants, Thomas Potter, Sons & Co., incorporated, from order of C. P. No. 4, Phila. Co., March T., 1893, No. 245, making absolute rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Rule for judgment for want of sufficient affidavit of defence, on appeal from decision of mercantile appraisers.

The commonwealth, by George D. McCreary, treasurer of the city of Philadelphia, claimed to recover from defendants a license fee of one hundred dollars, penalty of ten per cent, amounting to ten dollars, and the city fee for issuing license, fifty cents. An affidavit of defence filed averred payment of the franchise tax and denied liability for the license tax.

Rule for judgment absolute. Defendants appealed.

*Error assigned* was above order.

J. Campbell Lancaster, *William Henry Lex* with him, for appellant, cited: Act of April 7, 1830, P. L. 387; May 4, 1841, P. L. 310; April 16, 1845, P. L. 533; April 13, 1866, P. L. 104; Cooley on Taxation, 164, 165, 201; Burroughs on Taxation, 146, 166; School Directors v. Bank, 8 Watts, 289; Act of March 25, 1831, P. L. 206; Saving Fund v. Yard, 9 Pa. 359; Fox's Ap., 112 Pa. 337; Boyd v. Hood, 57 Pa. 98; Acts of June 1, 1889, P. L. 420; June 8, 1891, P. L. 238.

*J. Edward Carpenter, W. U. Hensel,* attorney general, with him, for appellee, cited: Act of April 29, 1874, P. L. 73; School Directors v. Carlisle Bank, 8 Watts, 289; Act of April 16, 1845, P. L. 533; April 13, 1866, P. L. 104; April 11, 1862, P. L. 484; April 18, 1878, P. L. 26; April 11, 1883, P. L. 9; Durr v. Com., 3 Pa. C. C. R. 525; Wishart v. Leslie, 36 Pitts. L. J. 223; Com. v. Kelley, 5 Kulp, 536; Const. of Penna. § 7, art. 13.

OPINION BY MR. JUSTICE WILLIAMS, February 12, 1894:

It is true, as appellants contend, that a mercantile license is a tax; but it is a tax levied on a mode of doing business and not upon persons. By the act of 1830, it was imposed only on dealers in foreign goods, wares and merchandise. The act of May 4, 1841, extended the tax to all dealers, whether the articles sold by them were of foreign or domestic production. The extent to which manufacturers were affected by this tax was a question that was settled by the act of 1846, by providing that sales made by a mechanic or manufacturer, of his own products, did not subject him to the mercantile tax unless he kept a store, or sold goods manufactured by others to an extent exceeding one thousand dollars. Under these acts, it was held that a manufacturer might sell his own products at his factory, or send them to a commission merchant for sale, without liability to the tax: Commonwealth v. Campbell, 33 Pa. 380; Norris v. The Commonwealth, 27 Pa. 494. But if the manufacturer keeps a store or warehouse where he sells goods manufactured by others, as well as those made by himself, he is liable to assessment as a dealer: Osborn v. Holmes, 9 Pa. 333.

The appellant is a manufacturer of oilcloths. It conducts a store at some distance from its factory, in which it deals in this class of goods. The assessment by the mercantile appraiser affirms that the business done at this store includes not only the sale of the articles produced by the appellant, but the dealing in the products of other manufacturers. The appellant in the affidavit of defence does not deny that this is the character of its business, but insists that, as it is incorporated under the laws authorizing the incorporation of manufacturing companies, it is not within the purview of the laws relating to mercantile taxes. But the exemption enjoyed by manufacturing companies is confined to the plant used for the manufacture of its

goods, and the business of making and selling done there. When such a corporation goes beyond the line thus indicated, it subjects so much of its capital used, and its business done, outside of the legitimate business of a manufacturing corporation, to the same taxation that other persons or corporations engaged in the business thus entered upon are required by law to pay. This has been so frequently, and so recently, passed upon by this court that a citation of the cases is unnecessary. Among the latest of them however are Com. v. National Oil Co., 157 Pa. 516, and Com. v. Savage Brick Works, 157 Pa. 512, in which opinions were filed at the October term, 1893. Such a corporation, when it opens a store, becomes a "dealer in goods, wares and merchandise," within the meaning of the several acts above cited, and must pay the same license or other tax, that a natural person would be subject to in the same business. Corporations often find it convenient to open stores in connection with their business. Many of the coal and iron companies, lumber companies, leather companies, and similar corporations employing a large number of men, open stores mainly to supply their employees. When this is done it is the uniform practice to assess such store, in the name of its owner, whether a person, firm, or corporation, with a mercantile license. As it is the object of the law to levy this tax on the business of the merchant or dealer, it is unimportant who the dealer may be, or whether the dealing is done in the name of a natural or an artificial person.

The court below laid down the law correctly and the judgment is affirmed, except as to the penalty; this is an appeal from the appraisement, for which the law provides, and until disposed of the penalty is not incurred. The judgment is reduced to one hundred dollars and fifty cents.