# Commonwealth, Appellant, *v.* Pocono Mountain Ice Company.

*Taxation—Mercantile tax—Ice company—Act of May 2, 1899, P. L. 184.*

The Act of May 2, 1899, P. L. 184, was intended to deal only with mercantile pursuits.

A corporation owning a large body of land and water and engaged in the business of taking natural ice from its own lake, storing the same in its own warehouses upon the margin thereof, and selling such ice to such persons as order it in carload lots, is not liable for the mercantile license tax imposed by the Act of May 2, 1899, P. L. 184.

Argued Jan. 19, 1903. Appeal, No. 41, Jan. T., 1903, by plaintiff, from judgment of C. P. Monroe Co., Sept. T., 1900, No. 14, on appeal from tax settlement in case of Commonwealth v. Pocono Mountain Ice Company. Before BEAVER, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from tax settlement.

The parties agreed upon the facts as follows: It is hereby agreed by and between the parties to the above stated appeal

that the said defendant company is a corporation existing under the laws of the state of Pennsylvania, incorporated for the purpose of harvesting ice and storing and selling the same, and for this purpose has improved the body of water from which said ice is harvested, and has erected large ice houses with the necessary machinery required in the · harvesting of the said ice.

That the operations of the said company are as follows : It is the owner of a large body of water covering many acres, near to which is erected a large ice house with planes running therefrom to said body of water. When the ice upon said body of water is of sufficient thickness to harvest it, it is cut and drawn into the said ice house by machinery run by steam. It is kept stored therein until warm weather, when it is shipped to persons ordering the same, in carload lots. There is no store or other house for the purpose of vending or disposing of the said ice so harvested as aforesaid, nor does the said company buy ice of any other person for the purpose of vending or selling the same. It simply disposes of its own product so harvested and stored as aforesaid.

It is further agreed that the said defendant company pays to the commonwealth of Pennsylvania a capital stock tax and that it also pays county and township taxes on an assessed valuation of its property which includes the body of water, ice houses and machinery.

A considerable portion of the ice harvested from said lakes and ponds is sold and shipped directly from the water without being stored in the said ice houses.

The court in an opinion by CRAIG, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*A. Raiguel Brittain* and *Henry J. Kotz*, for appellant, cited : Barton v. Morris, 1 W. N. C. 543.

*A. Mitchell Palmer*, with him *Charles B. Staples*, for appellee, cited : Com. v. Thackara Mfg. Co., 156 Pa. 510 ; Com. v. Campbell, 33 Pa. 380 ; Norris v. Com., 27 Pa. 494 ; Barton v. Norris, 1 W. N. C. 543 ; Lamon v. Paxon, 2 Luz. L. Reg. 259 ;

Com. v. Brinton, 3 Pa. Dist. Rep. 783; Com. v. Gormly, 173 Pa. 586.

OPINION BY W. D. PORTER, J., October 5, 1903:

The appellee is the owner of a large body of land and water, and is engaged in the business of taking natural ice from its own lake, storing the same in its own warehouses, upon the margin thereof, and selling said ice to such persons as order it in carload lots. The company has no store or other house for the purpose of vending said ice, nor does it buy ice for the purpose of selling the same. It merely disposes of its own product, so harvested and stored.

It is contended on the part of the commonwealth, the appellant, that the company is subject to the mercantile license tax, " on vendors of, or dealers in, goods, wares and merchandise," imposed by the Act of May 2, 1899, P. L. 184.

The statute in question imposed a tax upon business of a designated character, and not upon property : Knisely v. Cotterel, 196 Pa., 614 ; Commonwealth v. Bailey, Banks and Biddle Company, 20 Pa. Superior Ct. 210. If the business of the appellee comes within any of the classes designated by statute, it must, under the terms of the case stated, be that of a "retail vendor of, or dealer in, goods, wares and merchandise." Taxation of this character was not new to the revenue system of the commonwealth. The Act of April 2, 1821, 7 Sm. L. 471, and March 4, 1824, P. L. 32, imposed a tax upon " every person who shall deal in the selling " of foreign merchandise ; and the Act of April 7, 1830, P. L. 387, graduated the tax according to a classification based upon the amount of annual sales. By the Act of May 4, 1841, sec. 10, P. L. 307, this tax was " extended to apply to all persons engaged in the selling or vending " of all merchandise, of whatever kind or nature, whether foreign or domestic. A question would seem subsequently to have arisen whether a manufacturer who kept a store for the sale of goods of his own manufacture was subject to the tax ; and by the 11th section of the Act of April 22, 1846, P. L. 486, the previously existing laws in relation to the taxation of dealers were extended to all manufacturers who kept a store or warehouse for the purpose of vending and disposing of goods separate from their shop or manufactory. It

was held that the various modes of expression, used in the several statutes to designate the subject of taxation, were merely different forms of describing the class called merchants or shop keepers, and that manufacturers and mechanics who did not keep a store separate from their manufactory, were not subject to the tax : Commonwealth v. Campbell, 33 Pa. 380. These several statutes constitute a system of taxation, which apart from the special provision of the act of 1846, relating to manufacturers who keep a separate store, applied only to those engaged in the business of buying and selling, and not to those who bought to keep or made to sell : Norris Brothers v. Commonwealth, 27 Pa. 494; Commonwealth v. Teller, 144 Pa. 545 ; Commonwealth v. Potter Sons & Company, 159 Pa. 583. One who from his own lands, or mines, or waters collected a natural product and sold it, did not come within the scope of the legislation, nor did one who bought materials and by his own labor and skill combine them to produce something which was substantially different; Commonwealth v. Gormly, 173 Pa. 586.

The terms, "vendor of, or dealer in, goods, wares and merchandise," used in the 1st section of the act of May 2, 1899, to designate the business subject to the tax, having been used in former statutes, and their meaning having been the subject of judicial inquiry and determination, they must be assumed, to have been used in the sense in which they had been interpreted by the court of last resort, in the absence of anything in the statute requiring a different interpretation : Commonwealth v. Bailey et al., supra.   We find in the provisions of this statute nothing which would warrant a departure from this principle.   The act, on the contrary, contained internal evidence that it was the legislative intention to deal only with mercantile pursuits.   The title is " an act to provide revenue by imposing a mercantile license on vendors of, or dealers in, goods," etc.   The 5th section which regulates the manner of making the assessment empowered the county treasurer to " require the owner or business manager (of the company subject to taxation) to appear before him in person, with the books and accounts of his mercantile establishment for interrogation and examination."   The construction of the act contended for by the learned counsel for the commonwealth would subject to

the tax every sale of the products of the farm, workshop and mine. This construction cannot, when we consider the provisions of the statute in the light of previous legislation and the decisions thereunder, be sustained.

The judgment is affirmed.