# Pittsburg Brewers' & Bottlers' Supply Company's Mercantile Tax.

*Taxation—Mercantile tax—Appeals—Certiorari.*

1. The Act of May 2, 1899, P. L. 184, entitled, "An act to provide revenue by imposing a mercantile license tax on venders of or dealers in goods, wares, and merchandise, and providing for the collection of said tax," gives no right of appeal from the decision of the common pleas, and as the act does not impose a tax on the property, but upon the business of vending merchandise, the Act of June 26, 1901, P. L. 601, does not apply. The Supreme Court may, however, review the proceedings when brought up on certiorari.

2. Where in such a case the record shows that the matter in dispute, and for determination by the common pleas, was not the volume of the business done, but its classification, and it appears that the common pleas made a mistake in law as to classification, the appellate court may, on certiorari, correct the error.

*Taxation—Mercantile tax—Wholesale and retail venders—Dealers.*

3. One who carries on a business of selling goods, wares and merchandise manufactured by him at a store or warehouse, apart from his manufactory, is such a vender or dealer as is liable to taxation upon the volume of his business done by him at such store or warehouse, while one who keeps a store or warehouse at his own shop or manufactory for the purpose of vending his own manufactures exclusively, is not.

4. It is not true as a general proposition that venders of or dealers in goods, wares and merchandise must necessarily mean those, and those only, who carry on the business of selling things previously purchased, in the same form and condition, and not in the form or condition to which they have been changed after passing through some process.

5. A brewers' supply company which sells malt, hops, isinglass, bottles and corks to brewers, bottlers and wholesale liquor dealers, who use these articles in carrying on their business, is, as to such business, a wholesale vender within the meaning of the Act of May 2, 1899, P. L. 184.

Argued April 29, 1908. Appeal, No. 77, April T., 1908, by the Commonwealth, from order of C. P. No. 2, Allegheny Co., Oct. T., 1907, No. 3, sustaining an appeal from mercantile tax assessment In re Pittsburg Brewers' & Bottlers' Supply Company's Mercantile Tax. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from mercantile tax assessment. Before FRAZER, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining the appeal.

*J. M. Magee,* with him *George H. Calvert* for appellant.—If the question be raised as to whether or not the commonwealth is entitled to an appeal, our answer is that in any event the commonwealth is entitled to a certiorari, and there is sufficient on the record here to enable the court to inquire into the question: Com. v. Robb, 14 Pa. Superior Ct. 597.

The act itself does not define the terms "dealer" or "vender." Therefore, the popular and ordinary understanding of these terms must be considered as applying.

The terms "vender" and "dealer" having been in common use in prior statutes under which mercantile tax was assessed, the sense in which they were used is, therefore, not open to doubt: Com. v. Hufnal, 4 Pa. Superior Ct. 301; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Com. v. Ice Co., 23 Pa. Superior Ct. 267; Norris Bros. v. Com., 27 Pa. 494; Com. v. Campbell, 33 Pa. 380; Lamon v. Paxton, 2 Luz. L. R. 259; Com. v. Gormly, 153 Pa. 586.

There can be no doubt that the supply company would have been required to pay the tax under the old law, and there is nothing in the act itself which indicates any intention to exempt such dealers from taxation under the new act: Com. v. Cover, 29 Pa. Superior Ct. 409.

*W. T. Tredway,* for appellee.—The subject is not to be taxed unless the language of the statute clearly imposed the obligation; for taxes are not imposed by implication. In a case of doubt the construction most favorable to the subject is to be adopted: Directors of the Poor of Schuylkill County v. School Directors of North Manheim Twp., 42 Pa. 21.

Taxing provisions of a statute are to be construed most strongly against the government and not to be extended beyond the clear import of the language used: Appeal of City of Titusville, 108 Pa 600; Commonwealth v. Standard Oil Co., 101 Pa. 119.

The argument that the words "dealer in" and "vender of," as used in the statute, are synonymous and interchangeable terms cannot be maintained. A vendor, or vender, in its ordinary significance means one who sells regardless of the character of the property sold: Lumbert v. Woodard, 144 Indiana, 335 (43 N. E. Repr. 302).

OPINION BY RICE, P. J., February 26, 1909:

The Pittsburg Brewers' and Bottlers' Supply Company presented its petition to the common pleas, averring that the mercantile appraiser had assessed it with a mercantile license tax on the basis of its having done a retail business to the amount of $150,000 and a wholesale business to the amount of $54,000; that an appeal from the assessment was taken to and heard by the mercantile appraiser and the county treasurer, sitting as an appeal board, but they made no change in the rating; that the petitioner was dissatisfied with the rating so made; and concluding with the prayer that an appeal be allowed to the court in accordance with the provisions of the sixth section of the Act of May 2, 1899, P. L. 184. Thereupon the court allowed the appeal and fixed a day for hearing. The parties appeared, and "it appearing to the court that there are facts in dispute in the appeal," (so the order reads) the court, by agreement of counsel of all parties interested, appointed a commissioner to take testimony. After hearing upon that testimony the court, without disturbing the action of the appraiser so far as the total volume of the appellant's business was concerned, concluded differently from him both as to the volume of its retail business and the volume of its wholesale business, and made the following order, to which the commonwealth excepted: "In accordance with the foregoing conclusion, judgment is entered for the commonwealth for $104.50. To that extent the appeal is sustained."

"Assessment of property for taxation is not inherently a judicial proceeding. The state exercises its powers in that regard according to its necessities and its own will as determined by the legislature, without regard to the tribunals for adjustment of disputed rights between citizens. An appeal is not of course.

What appeals shall be allowed, in what manner they shall be taken or conducted, and what shall be their effect are matters regulated by statutory provision which must affirmatively appear:" per Chief Justice MITCHELL in Philadelphia Company's Petition, 210 Pa. 490. The act of 1899, under which this mercantile license tax was imposed, gives no right of appeal from the decision of the common pleas, and as it is not a tax on property, but upon the business of vending merchandise (Knisely v. Cotterel, 196 Pa. 614; Commonwealth v. Bailey, Banks and Biddle Co., 20 Pa. Superior Ct. 210; Commonwealth v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267), the Act of June 26, 1901, P. L. 601, does not apply. But while an appeal, in the strict sense of that term, does not lie from the decision of the common pleas, there was always a limited right of review in such cases by certiorari: Kimber v. Schuylkill County, 20 Pa. 366; Hughes v. Kline, 30 Pa. 227, 231; Silver v. Schuylkill County, 32 Pa. 356. This limited revisory jurisdiction was not taken away, nor was it enlarged by the act of 1889 which denominates every appellate proceeding an appeal. This is shown in the very recent case of Schmuck v. Hartman, 222 Pa. 190. There the Supreme Court overruled a motion to quash an appeal from the judgment of the common pleas rendered on appeal from a tax assessment, and held that, "treating the appeal as a certiorari, the record is brought up for review, and if it discloses error by the court below in denying the appellants a legal right under admitted facts, such error must be corrected." Referring now to the act of 1899 we find that the provision for appeal to the common pleas is in these words: "if the vender or dealer is still dissatisfied with the finding of the county treasurer and mercantile appraiser, or board of appraisers, in reference to the proper classification of said vender or dealer, he shall have the right of appeal to the court of common pleas of the proper county, which appeal the said court is required to hear and determine within twenty days after such appeal shall be taken, or at the next sitting thereof." In the present case, the matter in dispute and for determination by the common pleas was not the volume of business done by the appellant but its classification. While the court did not in so many words incorporate its determination

of that question in its final judgment, yet, it will be seen by looking at the order above quoted, it did so, in effect, by direct reference to what preceded. The evident intention of the court was to make it part of its adjudication as fully and effectively as if it had declared in so many words in its decree, that as to all sales in bulk of malt, hops, isinglass, bottles and corks to brewers, bottlers and wholesale liquor dealers, who use these articles in carrying on their business, the appellant should be classified as a wholesale vender and taxed accordingly. As the record shows affirmatively that this was the ground of the court's decision, it would seem to be inconsistent with the ruling in Schmuck v. Hartman, supra, to hold that the error of law if error there be, is beyond the power of this court to correct. So far as the question of appellate jurisdiction is concerned, the question does not differ essentially from Gemas's License, 169 Pa. 43; and Doberneck's License, 1 Pa. Superior Ct. 99.

The act of 1899 provides in its first section that each retail vender of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax of $2.00, and one mill additional on each dollar of the whole volume of business, gross, transacted annually, and that each wholesale vender or wholesale dealer shall pay an annual tax of $3.00, and one-half mill additional on each dollar of the whole volume, gross, of the business transacted annually. The second section then declares who shall be deemed wholesalers and who retailers in the following terms: "And it is provided that all persons who shall sell to dealers in or venders of goods, wares and merchandise, and to no other person or persons, shall be taken under the provisions of this act to be wholesalers; and all other venders of or dealers in goods, wares and merchandise shall be retailers.

The contention of the appellant's counsel is that the terms dealer and vender have acquired by judicial construction of prior laws upon the same subject a definite meaning, which makes them synonomous, and that it is to be presumed the legislature intended this meaning to be attached to them in the construction and application of the statute in question. We recognize the soundness of the principle to which the learned counsel refer, but are not convinced that it furnishes a solution

of the precise question before us. A leading case is Norris Bros. v. Commonwealth, 27 Pa. 494, wherein BLACK, J., said: "A dealer, in the popular, and therefore in the statutory sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again. He stands intermediately between the producer and the consumer, and depends for his profit, not upon the labor he bestows on his commodities, but upon the skill and foresight with which he watches the market." Applying that definition to the facts of that case it was held that one who manufactured locomotives and sold them only at his shop or manufactory was not liable to the mercantile tax imposed upon dealers by the Act of April 22, 1846, P. L. 486, but was within the exception of the proviso to sec. 11. To the same effect is Commonwealth v. Campbell, 33 Pa. 380, wherein Justice LOWRIE said: "Every manufacturer must sell his wares; but he is not therefore, classed as a 'dealer' in them, under the act of 1846. That law distinguishes between manufacturers and dealers; and, therefore, we must do so. A manufacturer as such is taxed for selling his wares, only when he keeps a store or warehouse away from his manufactory, in which he sells the wares, in the manufacture of which he is 'concerned or interested'—that is, as whole or part owner." Commonwealth v. Crum Lynne Iron & Steel Co., 27 Pa. Superior Ct. 508, belongs to the same class of cases. So in Commonwealth v. Gormly, 173 Pa. 586, it was held that a plumber who bought valves, radiators and other plumber's supplies, and cut and fitted them together in the shape of steam and water heating apparatus and the like which he put in buildings, and had no store or other place at which he did business as a buyer and seller, and was paid by charging for his labor and the cost of the material which he bought with a commission on the cost, was not a dealer in goods, wares and merchandise within the meaning of the mercantile tax laws then in force. In Commonwealth v. Vetterlein, 29 Pa. Superior Ct. 294; s. c., 214 Pa. 21, it was held that the maintenance of a place in the defendant's Philadelphia factory for the purpose of selling the goods manufactured there, as well as those of the same kind manufactured at its factory in another county exclusively, was such a compliance with the provisions of the act of 1846 as

exempted it from liability under the act to a mercantile license tax upon the sales at that place.

On the other hand, it was held in Commonwealth v. Thomas Potter Sons & Co., 159 Pa. 583, that a manufacturing corporation which keeps a store apart from its factory at which it sells goods manufactured by others as well as by itself, "becomes a dealer in goods, wares and merchandise within the meaning of the several acts above cited" (1830, 1841, 1846) "and must pay the same license or other tax that a natural person would be subject to in the same business." Following that decision we held in Commonwealth v. Bailey, Banks and Biddle Co., 20 Pa. Superior Ct. 210, that the words, "vender of, or dealer in, goods, wares and merchandise," as used in the first section of the act of 1899, include a manufacturing corporation that maintains a store apart from its factory at which it sells goods of its own manufacture as well as goods that it buys from others. In Commonwealth v. Cover, 29 Pa. Superior Ct. 409, it was held that the same words include one who maintains a store in Pennsylvania for the sale of goods manufactured by him in another state. It is thus seen that in the construction of earlier mercantile tax laws, as well as in the construction of the first section of the act of 1899, one who carries on the business of selling goods, wares and merchandise, manufactured by him, at a store or warehouse apart from his manufactory, has been held to be such a vender or dealer as is liable to taxation upon the volume of business done by him at such store or warehouse, while one who keeps a store or warehouse at his own shop or manufactory for the purpose of vending his own manufactures exclusively is not. This distinction, however, is not based on an inherent difference between the two transactions, not upon the ground that a manufacturer who sells the product of his manufactory at a store or warehouse at his manufactory is not as to that transaction a vender of goods, but upon the ground that the legislature has seen fit to declare that he shall not be taxable as such. The cases fall very far short of establishing the general proposition that venders of or dealers in goods, wares and merchandise must necessarily mean those and those only who carry on the business of selling things previously purchased, in the

same form and condition, and not in the form or condition to which they have been changed after passing through some process. As we have shown, it is not invariably so, even when the liability of the vender to taxation is the question involved. But here the question involved is not whether those to whom the appellee sold were taxable as venders or dealers under the mercantile license laws, but whether they were in fact such. As to bottlers and wholesale liquor dealers, we can see little difficulty in holding that they are dealers even according to the theory of the appellant's counsel. Ordinarily they buy to sell again. The fact that they sell in a different kind of package from that in which the goods were bought is not a sufficient ground for distinguishing them from other venders or dealers in goods, wares and merchandise in the construction of the second section of the act of 1899. There is more plausible ground for difference of opinion regarding sales to brewers. They make to sell, and therefore under the definition given in Norris v. Commonwealth, supra, it is questionable whether as to sales made at their breweries they can be called dealers. But we can find nothing in the context or in the purpose of the enactment which would warrant the conclusion that they are not venders within the section of the act of 1899 under consideration. It is reasonable to suppose that if the legislature had intended in the first clause of the section to include such sales only as are made to persons carrying on the business of buying and selling goods in an unchanged form or condition, they would not have left that qualification to uncertain inference but would have expressed it in unequivocal terms. The question whether sales of goods to venders or dealers which do not enter into the product sold by the latter or the package in which it is sold, is not involved in the question presented for our decision, and need not be discussed. We can discover no error in the ruling complained of which would justify a reversal of the judgment.

The judgment is affirmed.