## Commonwealth, Appellant, *v.* Eynon-Evans Manufacturing Company.

*Taxation—Mercantile license tax—Manufacturing corporation store or warehouse—Act of May 2, 1899, P. L. 184.*

A corporation engaged in manufacturing brass ware, and selling only its own products, is not liable to pay a mercantile license tax as a wholesale vendor where its manufactory is on one side of the street, and immediately across the street is its office where its bookkeeping is carried on and all sales and contracts are made, and its warehouse is a short distance away where no sales are made or negotiated.

Argued Oct. 10, 1911. Appeal, No. 91, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1909, No. 2,690, for defendant on case stated in suit of Commonwealth v. Eynon-Evans Manufacturing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Case stated to determine liability for mercantile tax.

From the record it appeared that the suit was brought to recover a mercantile license tax against the defendant as a wholesale vender. The parties agreed on a case stated, and the court in an opinion by AUDENREID, J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Murdoch Kendrick,* with him *Joseph Tunney,* for appellant.—When a manufacturer attempts to market his products by opening a store or warehouse apart from his factory, the corporation at once becomes liable as a vender or dealer: Com. v. Thomas Potter, Sons & Co., 159 Pa. 583; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Com. v. Swift & Co., 19 Pa. C. C. Rep. 572.

*John Weaver,* for appellee, cited: Com. v. Vetterlein, 214 Pa. 21.

OPINION BY RICE, P. J., March 1, 1912:

The defendant is a manufacturer of brass ware and sells only the products of its manufactory. It has an office across the street from its manufactory, where the book-keeping of its business is carried on, and where all sales are negotiated and all contracts for sale are made. But it is not alleged, in the case stated, that any goods are kept at this office for sale or display, or that deliveries of goods are made therefrom. Even if it were to be conceded that this office is not physically a part of its manufactory, this would not make it a store for the purpose of vending goods, within the meaning of the mercantile license laws of the commonwealth; and, obviously it is not a warehouse. It is true, it has a warehouse about one-half a square distant from its manufactory and office, the admitted purpose of which is to hold its manufactured goods until it is time to ship them. But no sales of goods are made or negotiated there, Whether or not goods are displayed there does not distinctly appear. It is thus seen that its mode of doing business is, not only in form, but essentially, different from that described in Com. v. Thomas Potter, Sons & Co., 159 Pa. 583, and Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210. Sec. 11 of the Act of April 22, 1846, P. L. 486, excluded from the class called "dealers," who were required to take out license, "mechanics who keep a store or warehouse at their own shop or manufactory, for the purpose of vending their own man-

ufactures exclusively;" and by the Act of February 27, 1868, P. L. 43, the true intent and meaning of that section was declared to be, "that a manufacturer or mechanic, not having a store or warehouse apart from his manufactory or workshop, for the purpose of vending goods, such manufacturer or mechanic shall not be classified or required to pay the annual tax," etc. The relevancy of these statutory provisions, in the interpretation of the words, "retail vender of or retail dealer in goods, wares and merchandise," of the Act of May 2, 1899, P. L. 184, is shown in Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210, and Com. v. Pocono Mtn. Ice Co., 23 Pa. Superior Ct. 267. The mercantile license tax has been declared to be "a tax upon business of a designated character and not upon property:" Knisely v. Cotterel, 196 Pa. 614. And in Com. v. Thomas Potter, Sons & Co., it was said to be "a tax levied on a mode of doing business and not upon the persons." The learned judge of the common pleas, in a well-considered opinion, reached the conclusion, from the facts embraced in the case stated, that the business conducted by the defendant or its mode of doing business is not such as to render it liable to taxation thereon as that of a retail vender or a retail dealer, within the meaning of the act of 1899. We concur in this conclusion.

The judgment is affirmed.