## Baer's Appeal.

*Tax—Mercantile tax—Act of May 2, 1899, P. L. 184.*

A dealer in lumber who has lumber shipped to him from other states and sells it in Pennsylvania is liable for the mercantile tax, imposed pursuant to the Act of May 2, 1899, P. L. 184, on sales made in Pennsylvania.

The tax is determined upon the sales made in Pennsylvania and not on the purchases made without the state. The fact that the lumber was purchased outside of Pennsylvania does not render the business conducted by the dealer in Pennsylvania interstate commerce and, therefore, exempt from the Pennsylvania tax.

414, (1923).]  Statement of Facts—Opinion of the Court.

Argued November 12, 1923.  Appeal, No. 90, Oct. T., 1923, by B. C. Baer & Son, from decree of C. P. Berks Co., June T., 1922, No. 130, dismissing appeal from settlement of mercantile tax against B. Frank Baer, trading as B. C. Baer & Son.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal to the common pleas from the decision of the county treasurer and mercantile appraiser of Berks County.  Before ENDLICH, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal.

*Error assigned* was the decree of the court.

*Joseph R. Dickinson,* for appellant.—The wholesale dealings in lumber purchased outside of Pennsylvania constituted interstate commerce:  Knisely v. Cotterel, 196 Pa. 614;  Com. v. Pocono Mt. Ice Co., 23 Pa. Superior Ct. 267;  Clause 3 of Section 8 of Article I, of the Federal Constitution;  Cook v. Pennsylvania, 97 U. S. 566.

*Samuel E. Bertolet,* and with him *R. G. Bushong, John Robert Jones,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellees.— The defendant was liable for a tax on his business in Pennsylvania.  The question of interstate commerce did not enter into the case:  Woodruff v. Parham, 8 Wall. 123;  Sonneborn Bros. v. Keeling, 67 Law. Ed. 749, Advance Opinions of U. S. Supreme Court, July 2, 1923; Section 8, clause 3 of Article I, of the Constitution.

OPINION BY LINN, J., December 12, 1923:
Appellant denies liability for the state mercantile tax imposed pursuant to the Act of May 2, 1899, P. L. 184. It is a revenue act imposing an annual tax of $3 on each

wholesale vendor of goods, wares and merchandise, and "½ mill additional on each dollar of the whole volume, gross, of business transacted annually," ascertained pursuant to the provisions of the act. The case was tried below on agreed facts.

Appellant was a wholesale lumber dealer in Reading, Pa., where he resided and maintained his place of business. He dealt in (1) lumber shipped from other states into this; (2) in lumber that never came into this state; and (3) in lumber that was never out of the state. This suit is concerned only with transactions of the first class. The amount of such business in 1921, as to which exemption is asserted, was $514,065.25; as to his other business there is no dispute. He never had any unsold lumber on hand in the state. As principal, he solicited orders in the state, and when he obtained any, filled them by purchasing from dealers in other states, who, by his order, shipped direct to his vendees in Pennsylvania. He paid his vendors and his vendees paid him; there was no legal relation between his vendors and his vendees: see Com. v. Thorne, 70 Pa. Superior Ct. 599.

His contention now is that he never had the lumber represented by that sum in the state, because he sold it to his vendees before it came in; that it moved in interstate commerce and was therefore beyond the state's power to tax. He was not taxed on or according to his purchase made in some other state, but by his sales here for delivery to vendees in this state. The tax was on his mercantile business of selling, (Knisely v. Cotterel, 196 Pa. 614, 628, 630), measured by volume, conducted here where he resided. That he was engaged in interstate commerce in buying out of the state the thing wanted to complete his sale by delivery here, was merely incidental. "But a tax that only indirectly affects the profits or returns from such commerce is not within the rule" prohibiting the tax: U. S. Glue Co. v. Oak Creek, 247 U. S. 321, 326, 328. As soon as the lumber came into this state, it might have been taxed, though brought in

for delivery by him on his sales here: Sonneborn Bros. v. Cureton, 262 U. S. 506, 516; then certainly the proceeds may be used as a tax base.

Judgment affirmed.