# Commonwealth, Appellant, v. Harrisburg Light & Power Co.

*Taxation—Mercantile tax—License tax—Tax on gross receipts —Double taxation not implied—Corporations—Electric light companies—Acts of June 1, 1889, P. L. 420, and May 2, 1899, P. L. 184.*

1. An electric light company which pays the gross receipts tax levied by section 23 of the Act of June 1, 1889, P. L. 420, is also liable to pay the mercantile license tax levied by the Act of May

2, 1899, P. L. 184, on the gross receipts from its sale of electric appliances.

2. Such taxes do not involve double taxation. The gross receipts tax is a general revenue measure, while the mercantile tax is a license tax for the privilege of vending merchandise. The two taxes are not levied on the same property for the same purpose.

3. Even if it should be considered that the mercantile tax in this case is a duplicate tax, still it is the clear intent of the Act of May 2, 1899, to levy it, and it is lawful.

4. The legislature has the power to impose double taxation, but the intention to do so must be clear, and is not to be implied.

5. An electric light company which buys and sells electric appliances is a dealer.

Argued May 25, 1925. Appeal, No. 5, May T., 1925, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket 1923, No. 58, for defendant on case tried by the court without a jury, in suit of Commonwealth v. Harrisburg Light & Power Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from tax settlement.

Case tried by court without jury. Before FOX, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant: 27 Dauph. R. 64. Plaintiff appealed.

*Error assigned* was, inter alia, (13) judgment, quoting bill of exceptions.

*John Robert Jones*, Special Attorney for Commonwealth, with him *George W. Woodruff*, Attorney General, for appellant.—Appellant is a retail dealer as far as sale of appliances is concerned: Com. v. Thorne, Neale & Co., 264 Pa. 408.

There was no double taxation involved: Com. v. Semet-Solvay Co., 262 Pa. 234; Com. v. Shenango F. Co., 268 Pa. 283.

The receipts of the business are not taxed. The vendor or dealer is subjected to a fixed annual license tax,

together with an additional tax "graduated according to the gross annual volume of business transacted." The subject of the tax is "the business of vending merchandise": Knisely v. Cotterel, 196 Pa. 614; Com. v. Bailey, etc., Co., 20 Pa. Superior Ct. 210; Com. v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451; Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 461; Phila., etc., Steamship Co. v. Com., 104 Pa. 109.

*Douglass D. Storey,* for appellee.—The Mercantile Tax Act would subject the same gross receipts to an additional state tax of one mill: Com. v. Coal Co., 156 Pa. 488; Com. v. Brewing Co., 146 Pa. 642.

There is no legislative intent expressed in the Mercantile Tax Act to subject appellee's gross receipts to double taxation: Com. v. Lehigh C. & N. Co., 162 Pa. 603; Com. v. Electric Light Co., 204 Pa. 249; Com. v. R. R., 268 Pa. 271.

Appellee is not engaged in a mercantile pursuit: Com. v. Ice Co., 23 Pa. Superior Ct. 267; Malone v. Gas Light Co., 182 Pa. 309.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

Is an electric light company which pays the gross receipts tax levied by section 23 of the Act of June 1, 1889, P. L. 420, liable to pay the mercantile license tax levied by the Act of May 2, 1899, P. L. 184, on the gross receipts from its sale of electric appliances?

The defendant has two places of business in the City of Harrisburg, separate and apart from the plant in which it generates electricity, where it sells electric lamps, fans, wire, lighting fixtures, heating and cooking utensils, motors, sweepers or vacuum cleaners and other electric appliances. During the year 1922 it did a gross business in the sale of these articles amounting to $54,910.73, on which a mercantile tax of one mill per dollar was assessed for the year 1923 amounting to $54.91, together with the annual tax of $2. Defendant appealed

from the assessment and the court of common pleas (trial by jury having been dispensed with) sustained the appeal and determined it was not liable for the tax and entered judgment in its favor, from which the Commonwealth appeals.

The court below reached the conclusion that appellee is not subject to the tax because "to impose the tax claimed would be double taxation without the clear intent of the Act of 1899 to impose it." The court recognized that the legislature had the power to impose double taxation (Com. v. Lehigh Coal & Navigation Co., 162 Pa. 603), but was of opinion that there was no clear intent disclosed in the Act of 1899 to impose it, and, as "double taxation is never to be implied unless the implication is unavoidable" (Fidelity Co. v. Loughlin, 139 Pa. 612, 621), decided for defendant's nonliability. With this conclusion we cannot agree, because, in the first place, this is not double taxation; the gross receipts tax is a general revenue measure, the mercantile tax a license tax for the privilege of vending merchandise: Knisely v. Cotterel, 196 Pa. 614; Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456; Com. v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267; Baer's App., 82 Pa. Superior Ct. 414; Com. v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451. It would be double taxation where one was additionally levied on the same property for the same purpose.

We cannot subscribe to the thought, even should it be considered that the tax in question is a duplicate tax, that there is no clear intent in the act to levy it. The Act of May 2, 1899, P. L. 184, provides that "......each retail vendor of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax of $2, and all persons so engaged shall pay one mill additional on each dollar of the whole volume, gross, of business transacted annually." We cannot imagine any language more comprehensive and embracing and more indicative of a positive and absolute intent than *"each*

retail vendor.....or retail dealer." Admittedly defendant is a retail dealer because it buys to sell again (Norris v. Com., 27 Pa. 494), and within the class designated for taxation; nothing is pointed out in the act which raises even a doubt as to its being within the class. The act imposes a minimum tax of $2 on each vendor. It would take more than ingenuity to absolve defendant as a retail vendor from the payment of this minimum tax, and it is equally difficult to assign a satisfactory reason why it is not covered by the provision as to the payment of the further levy based on its gross receipts.

So far as double taxation is concerned, it exists only where there is "the taxation twice by the same taxing power of what was regarded as the same subject" (Com. v. Shenango Furnace Co., 268 Pa. 283, 288), and, it may be added, the same kind of tax. In the one instance, the gross receipts of the business are taxed, whereas, as to the tax now sought to be collected, "The assessment is not on the sales, however, but on the dealer" (Com. v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451, 454), "on a mode of doing business": Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456, 462. The situation in the case in hand is no more one of double taxation than was that disposed of in Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210, where it was determined that, because a corporation had paid its capital stock tax, it was not relieved from the payment of a mercantile tax. It was there pointed out that, while the tax on the capital stock is a tax on the property of the corporation, the mercantile tax is a tax on the business of vending merchandise.

We are of opinion that the court erred in entering judgment in favor of the defendant, and, therefore, the thirteenth assignment of error is sustained, the judgment is reversed and it is directed that the court below shall enter judgment in favor of the Commonwealth for the amount due.