## Commonwealth, Appellant, *v.* McKinley-Gregg Automobile Co.

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. Russell Shockley,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, and *James J. Lawler,* for appellant.

*Maurice Chaitkin,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 23, 1942:

This is an appeal from an order of the court of common pleas directing the Board of Mercantile Appraisers of Allegheny County to reduce the amount of mercantile license tax assessed against McKinley-Gregg Automobile Company for the year 1942.

McKinley-Gregg Automobile Company has been engaged for many years in the sale of new automobiles and automobile parts, at wholesale and retail, in the City of Pittsburgh. In April, 1942, the Board of Mercantile Appraisers of Allegheny County, acting pursuant to the Act of May 2, 1899, as amended, assessed a mercantile license tax against the company for the license tax year commencing May 1, 1942, in the sum of $1,148 on its retail business and $1,079 on its wholesale business, based upon the gross sales of automobiles and automobile parts for the year 1941. The company protested its liability for payment of the tax for the reasons that its stock of goods, consisting of automobiles, had been "frozen" and sales restricted by orders and regulations of the federal government, resulting from the present war emergency. The board refused to change or modify its assessment, and the company appealed from the assessment to the court below.

At the hearing in the court below, the company conceded that the sale of automobile parts had not been interfered with by governmental action and agreed to pay the assessment for 1942 insofar as based on gross sales of parts during the preceding year, but urged nonliability as to the balance, based upon sales of cars, on the ground that when the assessment was made it had

ceased to be a dealer in motor vehicles within the contemplation of the mercantile tax laws. The commonwealth resisted this position, contending that automobile dealers are still taxable as such, under the Act, although forced to operate on a restricted basis in accordance with the war regulations. After hearing, the court below filed an opinion sustaining the contention of the company and entered an order directing that the assessment for 1942 be reduced to an amount calculated solely on the gross sales of automobile parts for the year 1941. The commonwealth now appeals to this Court and it is stipulated that our decision here will control the disposition of two other similar appeals.

By the terms of the statute (Act of 1899, P. L. 184, as amended), the mercantile license tax is made applicable to every "vendor of" or "dealer in" goods, wares and merchandise, whether at wholesale or retail. The language of the Act is as follows: ". . . each retail vendor of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax of two dollars, and all persons so engaged shall pay one mill additional on each dollar of the whole volume, gross, of business transacted annually. Each wholesale vendor of or dealer in goods, wares and merchandise shall pay an annual mercantile license tax of three dollars, and all persons so engaged shall pay one-half mill additional on each dollar of the whole volume, gross, of business transacted annually." It is settled that the tax so imposed is not a tax on the property or income, but an excise upon the privilege of dealing in or vending merchandise, measured by the whole volume of gross business transacted annually. See *Commonwealth v. Thomas Potter, Sons & Co.*, 159 Pa. 583; *Knisely v. Cotterel*, 196 Pa. 614; *Commonwealth v. Harrisburg Light & Power Co.*, 284 Pa. 175; *Commonwealth v. Globe Furnishing Co.*, 324 Pa. 180; *Blauner's, Inc. v. Philadelphia et al.*, 330 Pa. 342. Here appellee cannot contend it is not engaged in selling new automobiles,

and concedes it would clearly be subject to the mercantile license tax under normal conditions, but seeks to escape liability on the theory, adopted by the court below, that its inability to replenish its stock of goods during the license tax year or to make sales except to a restricted group of purchasers, by reason of the emergency regulations, takes it out of the category of taxpayers subject to the Act. To this view we cannot subscribe.

In *Norris Brothers v. Commonwealth*, 27 Pa. 494, arising under the Act of April 22, 1846, P. L. 489, it was said, at page 495, that "a dealer, in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again"; and that language has been reiterated and applied many times, both by this Court and the Superior Court, in cases since arising under the mercantile tax laws. See *Commonwealth v. Gormly,* 173 Pa. 586, 588; *Commonwealth v. Consolidated D. Beef Co.,* 245 Pa. 605, 607; *Commonwealth v. Thorne, Neale & Co.,* 264 Pa. 408, 410; *Commonwealth v. Lowry-Rodgers Co.,* 279 Pa. 361, 364; *Commonwealth v. Abbotts Alderney Dairies,* 62 Pa. Superior Ct. 451, 454; *In re Mercantile License Tax of Pittsburgh Coal Co.,* 77 Pa. Superior Ct. 93, 98. This does not mean, however, that the buying and selling must take place simultaneously to constitute one a "dealer" or "vendor" within the statute, as appellee urges, or even that the buying and selling must occur within the same taxable year. The language aptly expresses the distinctions between a dealer or vendor and a producer on the one hand and a dealer or vendor and manufacturer on the other, and as used in the decided cases cannot properly be regarded as signifying anything more. See *Beaver County Cooperative Assn.'s Appeal,* 118 Pa. Superior Ct. 305, 311. In the "popular, and therefore in the statutory, sense", we think it is sufficient to bring appellee within the category subject to the tax that it purchased its stock

of goods for the purpose of resale and is now in fact selling to all consumers qualified by law to buy. True, its customers are restricted in number and, consequently, its opportunities for earning a profit are limited, but this is likewise immaterial on the question of its status as a "dealer" or "vendor" within the Act. As said in *Beaver County Coöperative Assn.'s Appeal,* supra, 310: "The practice of buying to sell again is what constitutes one a dealer, and not the intent to make a profit. Whether the appellant is subject to the tax does not depend on whether it seeks, or has the legal right, to make a profit from its transactions, but whether it buys to sell again." And, the same thought is expressed in *Union League v. Ransley,* 39 Pa. Superior Ct. 514, 520, as follows: "The merchant, whose ventures prove unprofitable, must pay his mercantile tax as well as his competitor who reaps a golden harvest by virtue of his superior energy or foresight." See also *Blauner's, Inc. v. Philadelphia et al.,* supra, 349.

It is a familiar expression, applicable to the conclusion here reached by the court below, that "hard cases make bad law." Appellee's sales of new cars during 1942 will be few; yet the tax will be measured by the sales in 1941, which were many. Not until the year 1943 will appellee's tax reflect the decreased volume of business in 1942, with the result that in the latter year, during the period of depressed earnings, it will have to pay a tax having little or no relation to the amount of business actually transacted. But these considerations can have no weight as against the comprehensive and all-embracing words of the statute. Such hardship as may be involved arises not by reason of imposition of the tax, against which appellee's attack is wholly directed, but solely from the fact that the measure of the tax, as fixed and determined by the legislature, is gross receipts for the preceding calendar year. In spite of the restrictions under which appellee is obliged to operate, if at all, by virtue of the emergency orders, the

plain fact remains that it continues to sell automobiles purchased by it for resale, and, as above stated, this is all that is required to bring it within the class designated for taxation. Appellee is thus clearly liable for the minimum tax, and we can perceive of no sound reason why it is not also obligated to pay the further assessment based on gross receipts. The statute concededly contains no provision that would absolve it and, therefore, all doubts as to the legislative intent on the subject must be resolved in favor of the validity of the levy, under the established rule that fiscal measures, such as the present one, are to be strictly construed against exemptions: *Callery's Appeal,* 272 Pa. 255, 272; *Commonwealth v. Lowry-Rodgers Co.,* supra, 366; *Blauner's, Inc. v. Philadelphia et al.,* supra, 349.

The order of the court below reducing the assessment is reversed and the assessment as made by the Board of Mercantile Appraisers of Allegheny County is reinstated in full. Costs to be paid by appellee.