# The Commonwealth of Pennsylvania *v.* The American Tobacco Company, Appellant.

*Taxation—Mercantile tax—Foreign corporation.*

A foreign corporation having no factory, store, office or other place of business in the state of Pennsylvania, and whose sales are made through agents or traveling salesmen soliciting orders and transmitting them to the office of the company, is not liable to be assessed with a mercantile tax as a dealer doing business in this state; and it may treat the assessment as a nullity, and defend a suit brought for such tax, notwithstanding it has taken no appeal from the assessment.

Argued Jan. 21, 1896. Appeal, No. 106, July T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 421, for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover amount of mercantile tax.

The affidavit of defense was as follows:

The defendant is a corporation organized under the laws of the state of New Jersey for the purpose of manufacturing and selling tobacco in its various manufactured forms and cigarettes. The said defendent has no domicile in the city and county of Philadelphia or elsewhere in the state of Pennsylvania, and no office therein. In the prosecution of its business the said defendant employs agents, who under its direction solicit in the city and county of Philadelphia, state of Pennsylvania, and elsewhere in said state, orders for tobaccos manufactured by said defendant outside of said state, by going personally to residents and citizens of said state, and sometimes exhibiting samples of said tobacco. Upon receiving orders for said to-

baccos, the agents of the said defendant forward the same to it
at New York in the state of New York, or to its other factories
situated at the city of Richmond in the state of Virginia, at the
city of Durham in the state of North Carolina, at the city of
Louisville in the state of Kentucky, or at the city of Rochester
in the state of New York, where the said tobaccos are made,
and from these various places of manufacture (none of which
is within the state of Pennsylvania) shipped by the said de-
fendant to the purchaser in the state of Pennsylvania by rail-
road, freight and express, and the price of said tobaccos is
collected and forwarded by the express companies or by the
agents, or remitted by the persons receiving said goods in the
state of Pennsylvania to said defendant at New York in the
state of New York, or to its various branch establishments above
mentioned, none of which is situated in the state of Pennsyl-
vania.   The defendant also consigns cigarettes from some of its
various establishments above named, situated outside the state
of Pennsylvania, to various commission merchants, wholesale
grocers, and tobacconists in the state of Pennsylvania.   In this
manner the defendant has been engaged in conducting its busi-
ness in the city and county of Philadelphia and state of Penn-
sylvania during the year last past, and upon the basis of the
business so transacted by it the tax for which suit is here
brought was assessed.

Defendant explicitly denies that it has transacted or is now
engaged in any business in the state of Pennsylvania other than
as above specified.   It does not appear from the statement filed
in pursuance of what act of assembly of the commonwealth of
Pennsylvania said tax is assessed, nor by virtue of what acts
of said commonwealth it is alleged that defendant thereupon
became liable to pay to the treasurer of the county of Philadel-
phia for the use of the commonwealth of Pennsylvania the sum
of $100, and for the use of the city of Philadelphia a fee of fifty
cents for issuing "said license."   But defendant avers, and re-
spectfully submits to the judgment of the court, that if there
be any acts of assembly of said commonwealth which subject
this defendant to the payment of a fee for license to carry on
business in the manner above set forth as the same has been and
is being carried on by said defendant, that the same are uncon-
stitutional and void and of no effect, as contravening article 1,

section 8, of the constitution of the United States, reserving to Congress the right to regulate commerce among the several states. Defendant explicitly avers that the business heretofore carried on by it, and now carried on by it in the city and county of Philadelphia, state of Pennsylvania, as above set forth, is commerce, and that if any act of assembly of said commonwealth prohibits it except upon conditions, it attempts to regulate commerce between New York and Pennsylvania, and is unconstitutional. Defendant explicitly denies that it is indebted to the treasurer of the county of Philadelphia for the use of the commonwealth of Pennsylvania in the sum of $100, or in any sum whatsoever, or to the said treasurer for the use of the city of Philadelphia in the sum of fifty cents or in any sum whatever.

The court made absolute a rule for judgment taken by plaintiff for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*H. Gordon McCouch* and *Richard C. Dale*, for appellant.— An unconstitutional act is not a law; it confers no rights, it imposes no duties, it affords no protection, it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed: Poindexter v. Greenhow, 114 U. S. 270; Cooley's Constitutional Limitations, chap. 7.

A manufacturer of goods which are legitimate subjects of commerce, who carries on his business of manufacturing in one state, can send an agent into another state to solicit orders for the products of his manufactory without paying to the latter state a tax for the privilege of thus trying to sell his goods: Brennan v. Titusville, 153 U. S. 192; Titusville v. Brennan, 143 Pa. 642; Ferry Co. v. Penna., 114 U. S. 195; P. C. S. M. S. Co. v. Penna., 122 U. S. 326.

It is quite competent for Pennsylvania to prohibit a foreign corporation from acquiring a domicile in that state and to prohibit it from carrying on within that state its business of manufacturing tobacco and cigarettes; but it cannot prohibit it from selling in Pennsylvania, by contracts made there, its tobacco and cigarettes manufactured elsewhere, for that would be to regulate commerce among the states: Cooper Mfg. Co. v. Ferguson, 113 U. S. 727; Wile v. Brickner, 1 Dist. Rep. 187; Ware v.

Hamilton Brown Shoe Co., 9 So. Rep. 136 ; Mfg. Co. v. Hardee, 16 Pac. Rep. 605; Bateman v. Milling Co., 20 S. W. 931; Lyons-Thomas Hardware Co. v. Reading Hardware Co., 21 S. W. 300 ; Simmons Hardware Co. v. Maguire, 39 La. An. 848.

*J. Edward Carpenter*, for appellee.—Corporations are liable to the mercantile license tax, Commonwealth v. Thomas Potter Sons & Co., 159 Pa. 583, and a foreign corporation has no higher rights than a domestic corporation.

OPINION BY MR. JUSTICE WILLIAMS, February 10, 1896 :

The business of the defendant company is the manufacture of tobacco and the sale of its manufactured products. It has no factory, store, office or other place of business in the state of Pennsylvania. Its sales are made through agents or traveling salesmen who solicit orders, and when obtained transmit them to the office of the company or one of its factories to be filled. It made sales of cigars and cigarettes in this manner within the city of Philadelphia, and the mercantile appraiser of Philadelphia county assessed it with a mercantile tax as doing business as a dealer here.

The tax was not paid, and this suit was brought to compel its payment. An affidavit of defense was filed alleging that the corporation was not organized under the laws of this state, had no place of business within the state, and was not liable to assessment with a mercantile tax as a dealer doing business in Philadelphia. The learned judge of the court below held the affidavit insufficient and entered judgment against the defendant for the amount of the tax. The only question raised is over the sufficiency of the affidavit of defense. This must depend on the meaning of the several statutes imposing and providing for the collection of mercantile taxes. The act of April 7, 1830, sec. 1, imposes the tax upon " every person who shall deal in the selling of any goods, wares and merchandise " in this state, with certain exceptions, and requires such persons to " take out from the treasurer of the proper county and city a license " authorizing them to sell as dealers at wholesale or retail the goods, wares and merchandise, in which they propose to trade.

By a supplementary act it is provided that if any person shall have more than one store in which merchandise is vended such

person "shall be required to take out a license for each and every store." The legislative intention to impose the mercantile tax or license on permanent dealers having a place of business within the proper county is made still clearer by the act of April 11, 1862, which made it the duty of the mercantile appraiser to visit personally the store or other place of business returned by him, as charged with the license tax, "of every person" whom he is required by law to assess and classify as a dealer ; and allowed him to charge mileage for all the distance necessarily traveled in making such visitation and appraisement. He was also required to serve the person or firm so returned by him with a notice of his appraisement at the time of such visit. The act of 1866 authorized the collection of the license by distraint upon the goods and chattels of the delinquent. This system of legislation has been steadily regarded by the lawmakers as applicable to persons, and places of business, located within the county for which the mercantile appraiser is appointed, as is quite evident from later and supplementary acts upon the same general subject. Thus in 1892 an act was passed which provided for the taxation of "transient retail dealers" by the city, borough or township in which such transient dealers may come and attempt to open a place of business. It did not provide for their appraisement by the mercantile appraiser but authorized the city or borough to fix the amount of the tax or license to be imposed by ordinance, and the township treasurer to fix the amount in townships. Foreign dealers had already been provided for by the act of 1887, which empowered cities and boroughs to impose a tax upon foreign dealers, or their agents having no permanent place of business in any such city or borough, subject to the restriction that the tax so imposed should not exceed the local taxes imposed upon resident merchants engaged in a like business in the same city or borough. Sales by sample were however expressly excluded from the operation of this act. We think it very clear from this glance at the statutes relating to the duties of the mercantile appraiser, and the taxation of transient and foreign dealers, that the defendant in this case was not subject to assessment as a dealer by the mercantile appraiser. The affidavit of defense was therefore sufficient to prevent judgment, and the averments therein if sustained at the trial present a complete defense to the plaintiff's claim.

The learned judge did not put the reasons which influenced his action upon the record, and we are left to conjecture as to what they were. It may be that he regarded the assessment of the license tax as wholly unauthorized, but regarded the failure of the defendant to appeal from it as precluding the company from setting up any defense whatever to this action. If the defendant had been a local dealer within the county of Philadelphia, regularly assessed, and served with notice, the remedy for any error in the assessment would have been by appeal. If this had been neglected the defendant would have been precluded by such neglect from defending in this action for any error or irregularity that could have been reached on an appeal. But the defendant was not subject to assessment by the mercantile appraiser. That officer was without any authority in the premises, and his unauthorized act imposed no liability and no duty on the defendant.

It had a right to treat his appraisement as a nullity, as it really was, and to disregard it. It has a right now, when sued for the license so illegally assessed against it, to allege the want of authority in the appraiser to impose it, as a defense to the plaintiff's claim.

The judgment is reversed, record remitted, and a procedendo awarded.