# Commonwealth *v.* Abbotts Alderney Dairies, Appellant.

*Mercantile tax—Dairy company—Sales of milk through drivers—Act of May 2, 1899, P. L. 184.*

A dairy company engaged in the manufacture of butter and cheese and in the purchase and sale of milk and cream, is liable to the mercantile license tax as a retail vendor where it appears that it loads its products on wagons at its permanent place of business, and that the drivers of such wagons have routes or lists of customers and deliver milk, cream, butter and cheese to the customers at their houses, keeping accounts and collecting and remitting the proceeds thereof to their employer.

Where such a company appeals from the Board of Mercantile Appraisers but on the appeal does not raise the question of its right of exemption because it is a manufacturer and sells its products at its own place of business, the appellate court will not consider such question on an appeal from the order of the Common Pleas sustaining the decision of the mercantile appraisers.

Argued Nov. 24, 1915.    Appeal, No. 227, Oct. T., 1915,

452    COM., v. ABBOTTS A. DAIRIES, Appellant.

by defendant, from order of C. P. No. 5, Philadelphia
Co., Sept. T., 1914, No. 3851, dismissing appeal from
Mercantile Appraisers in case of Commonwealth v. Ab-
botts Alderney Dairies.   Before RICE, P. J., ORLADY,
PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Af-
firmed.

Appeal from decision of Board of Mercantile Apprais-
ers assessing a mercantile license tax against the defend-
ant as a retail vendor of goods, etc.   Before RALSTON, J.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was the order dismissing the appeal
from the Board of Mercantile Appraisers.

*Thomas Raeburn White,* for appellant.—A mercantile
license tax was improperly assessed upon sales of manu-
factured articles made by defendant's drivers, at the
homes of customers, and not in any store or place of busi-
ness: Com. v. Williamson, 48 Pa. Superior Ct. 561; New
Mercantile Tax Law, 9 Pa. Dist. Repts. 117; Com. v.
Gillinder, 12 Pa. Dist. Repts. 635; Com. v. Thomas Pot-
ter Sons & Co., 159 Pa. 583.

Defendant is not liable for a mercantile license tax
upon sales of milk or cream made not in any store or
recognized place of business, but at the homes of custom-
ers by the drivers of wagons: Com. v. American To-
bacco Co., 173 Pa. 531; Com. v. Williamson, 48 Pa. Su-
perior Ct. 561; Com. v. Thomas Potter Sons & Co., 159
Pa. 583; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Su-
perior Ct. 210; Com. v. Pocono Mountain Ice Co., 23
Pa. Superior Ct. 267; Com. v. Gormly, 173 Pa. 586;
Norris v. Com., 27 Pa. 494; Com. v. Holstine, 132 Pa.
357; Com. v. Guja, 28 Pa. Superior Ct. 58.

*John T. Murphy,* for appellee, cited: Com. v. Bailey,
Banks & Biddle, 20 Pa. Superior Ct. 210; South Easton

Boro. v. Moser, 18 Pa. C. C. R. 343; Com. v. American Tobacco Co., 173 Pa. 531; Luce v. Cook, 227 Pa. 224.

OPINION BY HENDERSON, J., March 16, 1916:

The prayer of the appellant as stated in the appeal taken to the Court of Common Pleas is that "Abbotts Alderney Dairies may be declared exempt from a payment of a mercantile license tax as a retail vendor of goods, wares and merchandise upon such sales made not in a store or permanent place of business, but at the homes of customers by drivers of wagons as above described." There is, therefore, a single question at issue. The subject of the right of exemption because of the fact that the appellant is a manufacturer and selling its products at its own place of business was not raised by the appeal and was not considered by the court below. For that reason it cannot be considered here. It is true as contended by the learned counsel for the appellant the subject was not heard on a case stated but we consider it clear that the question presented by the appeal was the single inquiry whether the sales made away from the place of business could be taken into consideration in the assessment. Evidently there were no facts before the court on which there could have been a determination of the proportion of the business of the appellant which should have been classed as manufacturing. The question not having been raised by the pleadings the court cannot be held to have erred in not deciding that which was not brought up on the appeal. The first section of the Act of May 2, 1889, P. L. 184, provides: "that each retail vendor of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax of two dollars, and all persons so engaged shall pay one mill additional on each dollar of the whole volume of gross business transacted annually." The assessment was made against the defendant under this statute. It is admitted that the appellant maintained a place of business at 3041 Chestnut street and at 57 Armat street

in Philadelphia. It is a dealer in milk and milk products and maintains a pasteurizing and bottling establishment at the Chestnut street place of business. The building at Armat street is used for a distribution station for the appellant's customers in the Germantown district. The company purchases large quantities of milk a part of which it pasteurizes and bottles and a part is manufactured into dairy products. These products are put into bottles or packages and delivered by drivers of vehicles owned by the appellant. Each driver has a list of customers to whom he makes delivery according to the customer's demand. He also keeps accounts of his sales and makes collections for his employer. Generally the sales are made by the drivers on their rounds but some orders are given at the place of business by telephone or otherwise. As much of the load of each driver as is unsold is brought back to the plant. The Armat street place is supplied from the Chestnut street establishment and distribution and collection are made there as in the case of deliveries from Chestnut street. That the appellant is a dealer cannot be successfully denied. "A dealer in the popular and therefore in the statutory sense of the word is one who buys to sell again": Norris Bros. v. Com., 27 Pa. 494. It has fixed and permanent places of business, it is buying and selling merchandise and is, therefore, subject to a mercantile tax. It was the purpose of the statute to impose such tax on permanent dealers having a place of business within the county: Com. v. Amer. Tobacco Co., 173 Pa. 531. The assessment is not on the sales, however, but on the dealer. It is not important, therefore, whether these sales are actually made from the wagons sent out from the place of business or are made in the store. The drivers of wagons are not peddlers; they are the agents of the appellant distributing its goods in a way convenient for the seller and buyer; but the appellant is none the less a dealer in merchandise. The business has its direction and control in the central

office; the merchandise is shipped therefrom and although a large proportion of the business is conducted in the familiar method employed in the sale of milk in towns and cities the operation is a commercial one conducted from a permanent place and in the application of the taxing law should properly be held to be a subject of taxation. In this view of the case it is not material whether the title to the quart of milk was transferred at the time the driver delivered the bottle or whether it was received by the purchaser at Chestnut street or Armat street. The conclusion of the court below is supported by the pleadings and the authorities.

The judgment is affirmed.