## Finance & Guaranty Co., Appellant, *v.* West Auburn Creamery Company.

*Corporations—Foreign corporations—Doing business—Registration.*

A foreign financial corporation, without office or property in Pennsylvania, cannot be charged with doing business in Pennsyl-

vania in violation of the registration acts, merely because it purchases in the state of its domicile from a citizen of Pennsylvania, certain notes, contracts and choses in action, some of which are obligations of citizens of Pennsylvania; and this is the case although there is a provision in the contract for collections to be made in Pennsylvania by agents of the corporation to be applied on the accounts assigned.

Argued Dec. 4, 1917.   Appeal, No. 149, Dec. T., 1917, by plaintiff, from order of C. P. Lehigh Co., Sept. T., 1915, No. 102, refusing to take off nonsuit in case of Finance & Guaranty Co. v. West Auburn Creamery Company.   Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ.  Reversed.

Assumpsit on a contract.   Before Groman, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order refusing to take off nonsuit.

*Charles F. DaCosta,* with him *W. Carlton Harris,* for appellant.—The plaintiff was not doing business in Pennsylvania: People's Building, Loan & Savings Assn. v. Berlin, 201 Pa. 1;  Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585;  Com. v. Wilkes-Barre & H. R. R. Co., 251 Pa. 6;  Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389;  Putney Shoe Co. v. Edwards, 60 Pa. Superior Ct. 338;  Mershon v. Pottsville Lumber Co., 187 Pa. 12;  Scott Mfg. Co. v. Morgan, 217 Pa. 367.

*George W. Aubrey,* for appellee.—The plaintiff was doing business in Pennsylvania: Phœnix Silk Mfg., Etc., Co. v. Reilly, 187 Pa. 526;  Del. River Quarry & Construction Co. v. Bethlehem & Nazareth Pass. Ry. Co., 204 Pa. 22;  West Jersey Ice Mfg. Co. v. Armour, 12 Pa. Superior Ct. 443;  Com. v. Wilkes-Barre & Hazleton R. R. Co., 251 Pa. 6;  Milsom Rendering & Fertilizing Co. v. Kelly, 10 Pa. Superior Ct. 565.

OPINION BY HENDERSON, J., March 2, 1918:

The plaintiff entered into a contract in writing with the defendant in the City of Baltimore, Maryland, under which it agreed to buy from the defendant certain notes, contracts and choses in action for the consideration in the agreement stated. The third paragraph of the contract provided for the repurchase by the defendant from the plaintiff, on demand, of all such evidences of indebtedness with respect to which the payors would make default. This action was brought to enforce this provision of the contract, the allegation being that some of the accounts turned over by the defendant to the plaintiff and for which the plaintiff paid were in default and that the defendant was, therefore, liable under the agreement to redeem them. The accounts were credits held by the defendant against the Loux Creamery Company. At the trial the court granted a nonsuit on the ground that the action could not be maintained because the plaintiff being a foreign corporation was doing business in Pennsylvania in violation of the Act of 1911. The only question for our consideration, therefore, is whether the plaintiff in accepting assignments of the accounts and notes held by the defendant engaged in business in this State. It is conceded that the contract was executed in Baltimore; that the obligations which the defendant wished to dispose of were there assigned and that payments were to be there made in satisfaction of these liabilities. No evidence was taken to show that the plaintiff had any place of business in Pennsylvania nor does that fact appear in the pleadings. None of its capital is shown to have been invested in Pennsylvania unless the purchase in Baltimore of obligations of citizens of Pennsylvania is an investment of capital in this State. If the plaintiff had taken the bond or other obligation of the defendant and had given money for it in Maryland it would hardly be contended that the obligation could not be enforced in Pennsylvania, because the plaintiff was doing business here, and the purchase of the securities

owned by the defendant would not create a different re-lation. The plaintiff acquired no title to any property in Pennsylvania by its transaction. It took the obligations of some residents of Pennsylvania but that is a very different thing from holding property there. The right of the plaintiff to invest in securities due from citizens of Pennsylvania was decided in Peoples Building, Loan and Savings Assn. v. Berlin, 201 Pa. 1. That was a case where the plaintiff, a New York corporation, loaned money to a citizen of Pennsylvania and took his bond therefor and a mortgage on his property in Pennsyl-vania. The loan was made in New York. Undoubtedly the loan association could enforce the bond in Pennsyl-vania. It is not the effect of our statute to exclude a nonresident corporation from the transaction of any business in this State. It may sell goods by sample and take orders for its merchandise: Com. v. Amer. Tobacco Co., 173 Pa. 531. It may buy the products of this State: Com. v. Standard Oil Co., 101 Pa. 119. In the latter case it was said "Thousands of corporations and indi-viduals in other states make their purchases of supplies of raw material, here, but it has never been seriously as-serted that they were doing business within this State. It has not been the policy of the State at any time, as evidenced by its tax laws, to embarrass the development and sale of her rich products, mineral and agricultural, by levying tolls upon strangers who come here to buy." The same may be said of financial corporations domiciled without the State who discount the commercial paper of our merchants and manufacturers. Nor does the fact that provision is made in the contract for collections to be made in Pennsylvania to be applied on the accounts affect the question. The only authority of the agent was to collect money and forward it promptly to the plaintiff in Baltimore. This is one of the ordinary transactions of commerce occurring daily and having no relation to the statutory prohibition against the doing of business

in Pennsylvania by corporations domiciled in other states. Such a corporation may employ agents to make collections, advertise its goods, take orders and make contracts of sale respecting the same and ship them to customers in this State: Mearshon & Co. v. Pottsville Lumber Co., 187 Pa. 12. Legislation of this State which would impose limitations on the power of a corporation created under the laws of another state to make contracts within the State for carrying on commerce between the states violates that clause of the Constitution which confers on congress the exclusive right to regulate interstate commerce: Cooper Mfg. Co. v. Ferguson, 113 U. S. 727. The record before us does not exhibit any evidence from which it should be concluded that the plaintiff is doing business in this State within the prohibition of the act of assembly.

The judgment is reversed with a venire facias de novo.