# Commonwealth *v.* Atlantic Refining Co., Appellant.

*Taxation—Mercantile tax—Station of oil company—Act of May 2, 1899, P. L. 184.*

Where a corporation, engaged in the business of manufacturing petroleum products, maintains, apart from its factory, permanent distributing stations, to which oil is transported from the factory, and from which it is sold at wholesale and retail and distributed by motor trucks and wagons, the corporation is liable for a mercantile tax upon the business transacted at such stations.

The storage tanks were used as stores or warehouses apart from the factory, for the purpose of vending goods, and the sales of oil, which was withdrawn from the storage tanks and sold by the agents of the corporation from the tank wagons, must be held to be sales from the source of supply.

Argued April 26, 1920. Appeal, No. 28, Oct. T., 1920, by defendant, from judgment of C. P. Berks County, August T., 1919, No. 182, on verdict directed in favor of plaintiff in the case of Commonwealth of Pennsylvania ex rel. Erwin C. Gery, treasurer of the County of Berks, v. The Atlantic Refining Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover mercantile tax. Before END-LICH, P. J.

From the record it appeared that the Atlantic Refining Company is engaged in the manufacture of petroleum with refineries at Philadelphia, Pittsburgh and Franklin, in the State of Pennsylvania. The company maintains at Boyertown, Womelsdorf, Birdsboro, Hamburg and Kutztown, stations for the efficient and economical distribution of its manufactured products. These stations consist of two large tanks located on a spur of the Reading railroad, and to these stations the company moves large quantities of its manufactured products by rail, and they are there disposed of by being placed in the company's tank wagons or motor trucks and delivered to customers by drivers who sell to any one who wishes to buy.

The mercantile appraiser and county treasurer of Berks County assessed the Atlantic Refining Company for mercantile license tax for business done during the year 1917 at its several stations in Berks County. From this assessment the Atlantic Refining Company appealed to the Court of Common Pleas of Berks County, which heard testimony and dismissed the appeal. Thereupon a suit was brought by the Commonwealth ex rel. county treasurer, to enforce payment of the tax, and the case was tried upon appeal, notes of testimony, etc., in the former case, upon the stipulation of counsel that the Atlantic Refining Company should be permitted to raise every defense and question as was raised in the former case.

From a verdict and judgment for the plaintiff, this appeal was taken.

*Error assigned* was in directing a verdict for the plaintiff.

*Ira Jewell Williams,* and with him *Yale L. Schekter,* for appellant.—The defendant company is a manufac-

turer within the meaning of the statutes and decisions and-not liable for a mercantile license tax: Com. v. Williamson, 48 Pa. Superior Ct. 561; Com. v. Vetterlein, 29 Pa. Superior Ct. 294; Norris Brothers v. Com., 27 Pa. 494; Com. v. Teller, 144 Pa. 545; Com. v. Eynon-Evans Co., 48 Pa. Superior Ct. 474; Com. v. Gillender & Sons, 12 D. R. 635.

*William I. Schaffer,* Attorney General, and with him *Robert Grey Bushong, Samuel E. Bertolet* and *Arthur L. Shay,* for appellee.

OPINION BY HENDERSON, J., July 14, 1920:

The instructions to the jury by the learned trial judge are supported by the evidence, and are in accord with the numerous authorities referred to by him in the opinion dismissing the appeal from the assessments. The evidence is clear that sales were made directly from tank wagons used by the defendant for the distribution of its products and paid for at the time of the deliveries to the purchasers. Much of the oil and gasoline was no doubt delivered on orders sent to the Philadelphia office of the appellant, but this does not establish a course of business from which it can be determined that all of the sales from the "relay tanks" were referable to that office. The peculiar method of distribution was perhaps necessary because of the character of the commodities and the various local demands therefor. It would have been impracticable to have supplied all of the wagons from the refinery, and the practice of distributing to everyone locally who desired to buy, was doubtless in the interest of the company as well as convenient to the purchaser. It seems clear that the title to much of the supplies taken from the relay stations remained in the company until actual sales from the tank wagons, and the course of business thus shown supports the conclusion of the court that the storage tanks were in effect warehouses from which sales were made of which the

company had no notice until the drivers made daily reports of the cash received by them. In an important sense it can be said, therefore, that these tanks were used as stores or warehouses apart from the factory for the purpose of vending goods. That which was withdrawn from the storage tanks and sold by the appellant's agents from the tank wagons can fairly be held to be sales from the source of supply. This was done in Atlantic Refining Company v. Van Valkenburg, 265 Pa. 456; Com. v. Abbott's Alderney Dairies, 62 Pa. Superior Ct. 451; Com. v. Atlantic Refining Company, 69 Pa. Superior Ct. 32.

It is unnecessary to amplify the reasoning of the learned judge of the court below. The able argument of the counsel for the appellant has not convinced us that there was error in the judgment reached. It is affirmed.