## Commonwealth v. Pennisi, Appellant.

*Hawkers — Peddler — Traveling merchant — Act of March 22, 1862, P. L. 161.*

An employee of a Bucks County merchant violates the Act of March 22, 1862, P. L. 161, when he sells or peddles goods from the employer's truck throughout Bucks County, although the employer has a fixed place of business and pays taxes in Bucks County.

Argued November 18, 1924. Appeal, No. 24, Oct. T., 1924, by defendant, from the judgment of C. P. Bucks Co., Sept. T., 1922, No. 57, affirming judgment of Justice of the Peace in the case of Commonwealth of Pennsylvania ex rel. Edwin Kilmer v. Joseph Pennisi. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before RYAN, P. J.

Rule for judgment for want of sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Defendant appealed.

*Error assigned* was the judgment of the court.

*John L. DuBois,* for appellant.

*Grim & Grim,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

The question submitted to us for solution is: "Whether an employee of a Bucks County merchant violates the Act of March 22, 1862, P. L. 161, which prohibits any person from selling or exposing to sale, as a hawker, peddler or traveling merchant, goods, wares or merchandise, said merchant having a fixed place of business in Bucks County being a taxpayer and paying a mercantile tax and the said employee selling his employer's goods from the employer's truck throughout Bucks County." The Act of March 22, 1862, P. L. 161, provides following the enacting clause: "No person or persons shall sell or expose to sale, within the County of Bucks, as a hawker, peddler or traveling merchant, any foreign or domestic goods, wares or merchandise under the penalty of fifty dollars for each and every such offense; and no person or persons shall sell or expose to sale, within the said county, any foreign or domestic goods, wares, merchandise, commodities or effects of whatsoever kind or nature, unless he, she or they shall keep a store, shop, yard or other fixed place for the purpose, where the same shall be sold, or exposed to sale as aforesaid, under the penalty of fifty dollars for each and every such offense." The argument of the appellant is that the act does not contemplate the arrest of a resident merchant or his employees

but "the itinerant, the irresponsible man with a pack on his back, who moves from place to place, ringing doorbells and annoying the whole countryside, the man who rushes through the country, misrepresenting his wares, and then seeking a safe haven outside where he cannot be reached by legal process," is the person against whom the provisions of the act are directed. The facts are that the defendant would take a load of bananas, watermelons and other vegetables and would sell them indiscriminately as a traveling merchant. It is not denied that the merchandise was so sold from the defendant's truck throughout the County of Bucks. The methods employed in selling were such as are usually denominated as hawking or peddling. The sales were made from the truck to any one who would buy. As stated above, the sole reliance of the defendant is that Pennisi was selling for his brother who had a fixed place of business but this argument falls when we read the act in which the store, shop, yard or other fixed place is designated as the place where the goods shall be sold. It plainly prohibits their sale elsewhere. Whether the goods are the property of Pennisi or his brother is of no possible consequence. It is the manner of the sale that makes a peddler, Com. v. Gardner et al., 133 Pa. 284. Phoenixville Borough v. Eyrich, 42 Pa. Superior Ct. 241, is in point. There it was held that a butcher who sold meat from house to house came within the provisions of an ordinance prohibiting any person without a license to sell or expose for sale upon the streets of the borough any goods, etc. The very point submitted in that case was that defendant being a resident of the borough and having a fixed place of business was not amenable to the provisions of the ordinance, but this court held otherwise. We think the defendant comes within the provisions of the act. We may add that there were no facts in dispute and the plaintiff and defendant agreed that the case should be disposed of on the statement and affidavit of defense. We, therefore, do not consider any

technical objections that might have been raised as to the way in which the case is brought into this court for the parties do not desire to raise them. We note this in order that this case may not be cited as a precedent, should such technical objections be raised in any other.

The judgment is affirmed.