## Commonwealth v. Gulick

*J. Hibbs Buckman*, for plaintiff; *Mark Thatcher*, for defendant.

KELLER, P. J., February 4, 1935.—The Mercantile Appraiser of Bucks County assessed a mercantile license tax against the appellant and other persons engaged in a similar business as a "retail vender of or retail dealer in goods, wares and merchandise" under the supposed authority of the Mercantile Tax Law of May 2, 1899, P. L. 184. The assessments were sustained by the County Treasurer, whereupon appeals were taken to this court. It was agreed that the decision in the above entitled case should control and be binding in all of the other appeals. The facts agreed upon in these appeals between the several

appellants and the Department of Revenue as to the character of the business carried on by the appellants are as follows:

"The appellants above named, during the years 1933 and 1934 were engaged in the business of buying eggs, poultry, butter, meats and other produce from farmers and others in Bucks County, which produce was collected during Monday and Tuesday of each week and stored in the garage, barn or other buildings of the appellants until Wednesday morning of each week, when sometimes all of it was placed upon an automobile, truck or trucks and taken to the City of Philadelphia and to the lower parts of Montgomery County and there sold to patrons directly from the automobile, or truck, at their places of residence, not upon standing orders or upon orders previously given but upon orders given and made at the time of sale and delivery. At other times, the produce was not all taken on Wednesday but sometimes some of it was taken on Thursday, and in all cases, none remained at the garage, barn or other buildings of the appellants after Friday morning of each week. The sales, in all cases, were made as hereinbefore described.

"It is further agreed that applicants paid a vendor's license in the City of Philadelphia and in such boroughs and townships of the first class in Montgomery County as require the same, and in which appellants sold their produce."

The question to be determined under these agreed facts is whether the appellant is a dealer within the meaning of the Mercantile Tax Law and, as such, liable for the tax assessed against him in Bucks County. The Act of May 2, 1899, P. L. 184, as amended by the Act of May 10, 1929, P. L. 1709, 72 PS §2621, provides that "each retail vender of or retail dealer in goods, wares and merchandise" shall pay an annual mercantile license tax of $2, and 1 mill additional on each dollar of the whole volume, gross, of business transacted annually. This tax is a sales tax imposed upon individuals, firms, corporations and all other vendors of goods, wares and merchandise. It is a tax upon the business of vending merchandise and not upon property: Knisely v. Cotterel, 196 Pa. 614. It has also been declared to be a tax levied upon the mode of doing business and not upon persons: Commonwealth v. Thomas Potter, Sons & Co., 159 Pa. 583. The Act of 1899, as amended, is largely a codification and reënactment of previous legislation upon this subject and it imposes the tax upon the same class of persons, and no others, which was subject thereto under the provisions of the prior acts. In interpreting an act of assembly, it is an established rule that where terms and modes of expression employed in a new statute which at the time of its enactment had acquired, by judicial construction, a definite meaning and application in a previous statute of the same subject, they are generally supposed to be used in the same sense, and, in the construction of the later act, regard should be given to the expression in the former: Endlich, Interpretation of Statutes, sec. 369; Commonwealth v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210. Consequently, the meaning of the terms "vender" or "dealer" as used in the Act of 1899 to designate the persons subject to the tax having been judicially determined prior to its enactment, they must, in the absence of anything in the statute requiring a different interpretation, be assumed to have been used in the sense in which they have been interpreted by the court of last resort: Commonwealth v. Thomas Potter, Sons & Co., supra; Commonwealth v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267, 270; Commonwealth v. Williamson, 48 Pa. Superior Ct. 561.

In defining the term "dealer", Mr. Justice Black in Norris Bros. v. Commonwealth, 27 Pa. 494, 495, says: "A dealer, in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but

one who buys to sell again." The term "vendor" has likewise been defined as one who buys to sell: Commonwealth v. Thorne, Neale & Co., 264 Pa. 408. Applying this test to the facts agreed upon, it cannot be successfully denied that the appellant is a dealer. He would be otherwise if the products which he sold had been raised on his own farm: Commonwealth v. Davis, 11 Pa. Dist. R. 427; Barton et al. v. Morris, 10 Phila. 360. But was he such a dealer as to make him subject to the assessment and payment of a mercantile tax in Bucks County? The Mercantile Tax Law undoubtedly was intended to apply only to dealers who have a store or other fixed or permanent place of business from which the sales are made within the county in which the tax is assessed: section 11 of the Act of April 22, 1846, P. L. 486, which provision was not repealed by the Act of 1899; Commonwealth v. Vetterlein, 29 Pa. Superior Ct. 294; Mercantile Tax Law of 1899, 23 Pa. C. C. 369. That this was the evident legislative intention is further supported by the Act of April 11, 1862, P. L. 492, which is still in force, as well as the Act of 1899, which make it the duty of the mercantile appraiser to visit personally the store or other place of business of every person whom he is required by law to ascertain and assess as a dealer: Commonwealth v. American Tobacco Co., 173 Pa. 531; Commonwealth v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451. Furthermore, under this act a dealer is liable to assessment in the county in which the sales are made and not in the county where the goods are purchased: Commonwealth v. Teller et al., 144 Pa. 545. It will be observed that no sales were made by the appellant within Bucks County and that the only business transacted therein by him was the purchase of farm products from the producers and the temporary storage of the same in his barn or garage pending his convenience or time set apart to take them to Montgomery or Philadelphia counties, where he travelled from place to place or from house to house offering his goods for sale. Unquestionably, by reason of the method in which he conducted his business, he was not a dealer within the meaning of the Mercantile License Law but may properly be classed as a traveling merchant or peddler, as those terms are defined in the various acts of assembly distinguishing dealers of this kind from those who have a fixed place of business: New Castle v. Cutler, 15 Pa. Superior Ct. 612; Commonwealth v. Pennisi, 84 Pa. Superior Ct. 439. As such, they have been separately classified and are subject to a license tax in those counties in which such business is permitted.

It was urged on the part of the appellee that this case is controlled by the decisions in Commonwealth v. Abbotts Alderney Dairies, supra, Commonwealth v. Atlantic Refining Co., 69 Pa. Superior Ct. 32, Commonwealth v. Atlantic Refining Co., 74 Pa. Superior Ct. 393, and Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456. We do not agree with this contention. All that the court decided in Commonwealth v. Abbotts Alderney Dairies, supra, was that the company maintained permanent stores or establishments from which the business was directed and that its products were distributed therefrom by its employes as agents for the company and not as peddlers, and, therefore, the company was subject to the mercantile tax. In the refining company cases, the court likewise sustained the assessment upon the ground that the sales were made from storage tanks used as stores or warehouses apart from the factory for the purpose of vending goods and that the sales of oil from these tanks were, in reality, from the source of supply. These cases differ from the case under consideration in that the goods were distributed by employes from a central permanent place of business, whereas, in the instant case, the appellant is the owner and operator of his own business and actually takes his entire stock of trade in his truck beyond the limits of the county, and disposes of it in Phila-

436

delphia and Montgomery counties where he is classified as a transient dealer, subject to the payment of the taxes as provided by law or ordinance. Furthermore, in view of the fact that the appellant maintains no store or other permanent place of business in the County of Bucks from which these sales can properly be said to have been made, we cannot escape the conclusion that the appellant is not a dealer within the County of Bucks as contemplated by the Mercantile Tax Law, and, therefore, not liable to the assessment of the mercantile license tax.

And now, to wit: February 4, 1935, the appeal from the assessments of the mercantile tax appraiser and the decision of the County Treasurer is hereby sustained and judgment is now entered in favor of the defendant.

From Isaac J. Vanartsdalen, Doylestown, Pa.