### Commonwealth v. Cloverdale Farms Co., Inc., of Pennsylvania

*Lilley & Wilson*, and *William M. Rosenfield*, for Commonwealth.

*Ralph E. Evans*, and *Mills & O'Connor*, for appellant.

CULVER, P. J., April 6, 1942.—The question involved in this appeal is whether or not defendant is liable to the Commonwealth of Pennsylvania for a mercantile tax based upon the gross receipts of its business.

The parties have submitted an agreed statement of facts to be used as the factual basis of the case.

Defendant is a corporation incorporated under the laws of the State of Pennsylvania. The principal office and plant of defendant company are located in Waverly, N. Y. Defendant's registered office is at 232 Desmond Street, Sayre, Bradford County, Pa. All of the milk and milk products sold by defendant company and delivered to Pennsylvania customers originated in the State of New York.

In discussing what we consider the basic question in this case, to wit, whether or not the entire business of defendant company in carrying milk from its plant in the State of New York in trucks and selling and delivering it to its customers in Pennsylvania is "interstate commerce", we will leave out of consideration the registered office in Sayre wherein is employed a girl acting principally as cashier, and who also makes over-the-counter sales from a small refrigerator in the said office of milk and milk products sent there from defendant company's plant in Waverly, and all of which under the agreed facts does not exceed in volume $20 per month.

Defendant company is engaged in selling milk and milk products and delivering it in trucks from its plant in Waverly, N. Y., to various customers over the State line in Pennsylvania. It has regularly-established milk routes and customers who have standing orders for milk and milk products, but who have the right to take less than the amount of the standing orders or to take no milk at all, and also to take a greater amount than the standing orders embrace.

Plaintiff contends that because customers have the said right to take less than the amount of their standing orders, or to take no milk or milk products at all on such days as they see fit, and to take more than their standing orders, no contracts exist between the customers and defendant and, therefore, defendant is not engaged in interstate commerce as each sale is made and concluded in Pennsylvania, and that the milk when it leaves the plant in New York State for its destination in Pennsylvania is uncontracted-for milk.

We believe this contention untenable. The milk originates in the State of New York; is prepared for delivery in defendant's plant in the State of New York; is loaded into defendant's trucks in the State of New York, all of which trucks are registered in the State of New York, and all the drivers of which are hired in the

State of New York, and is then transported over the State line into Pennsylvania and delivered to its various customers.

We are satisfied that, under the facts agreed upon, all of the business of defendant company, except the $20 worth of milk products sold over the counter in its registered office at Sayre, constitutes interstate commerce and, therefore, is not liable to a Pennsylvania mercantile tax.

Even though plaintiff's contention be sustained, in our judgment the Mercantile Tax Law of May 2, 1899, P. L. 184, has no application for the reason that the milk brought into this State from the State of New York never comes to rest, nor has defendant any fixed place from which the sales, wherein deliveries are made by trucks, take place.

It is probable the State of Pennsylvania by appropriate legislation could make these (if plaintiff's contention be correct) peddlers of milk liable to a tax. No such law has, as yet, been enacted and, in our judgment, the mercantile tax, which applies to dealers having a fixed place from which they sell their merchandise, does not apply to peddlers.

At the argument of this case counsel cited numerous cases from both the State and Federal courts, but we deem a discussion of these cases unnecessary. Defendant's business either is or is not an interstate commerce business, and, in our judgment the facts agreed upon show that it is interstate commerce and, therefore, not liable to a Pennsylvania mercantile tax.

Insofar as the registered office in Sayre is concerned, we believe, under the agreed facts, it is immaterial except as to the $20 per month income from sales of milk and milk products over the counter by the cashier in charge of the office. The fact that, for convenience of the Pennsylvania customers, their bills may be paid at the Sayre office and from there transmitted to the office in Waverly, N. Y., we think does not change the interstate situation as to defendant's business.

The milk that is sold over the counter from this office in Sayre is milk that is sent from the New York State plant to the office in Sayre, where it comes to rest, is kept in a refrigerator and is sold over the counter, and, therefore, is liable to the Pennsylvania mercantile tax.

Plaintiff relies largely upon the Pittsburgh Automobile Dealers case wherein they were selling in Pittsburgh automobiles manufactured in Buffalo, N. Y. We do not think that case controlling. In that case the Pittsburgh dealer had a permanent place of business, a showroom, and he selected purchasers and made contracts to sell automobiles to the purchasers. He then ordered the automobile sold from the manufacturer in Buffalo. The manufacturer did not deliver the sold automobile to the purchaser in Pennsylvania but, on the contrary, delivered it to the dealer in Pittsburgh where the automobile came to rest, and the dealer then delivered it to the purchaser and collected, not the price received by the Buffalo company, but a price 20 percent in excess of that received by the manufacturer in Buffalo. No such conditions exist in the instant case. The New York company shipped by truck and delivered directly to the customers in Pennsylvania, and the price paid by the customer was received by the seller at its office in Waverly, N. Y., whence the goods were shipped.

The case of Commonwealth v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451, is not in conflict with defendant's contention in the instant case, for in that case the question of interstate commerce was not involved.

### Finding of fact

1. The court finds that during the years 1935, 1936, 1937, 1938, 1939, 1940, and 1941, defendant company maintained its registered office in Sayre Borough, Bradford County, Pa., and from that office it sold milk and milk products to the amount of $20 for each month during said years.

2. That during the same years all other income derived from the sale of milk and milk products by de-

fendant company resulted from sales and deliveries made in interstate commerce.

### Conclusions of law

1. That defendant company is liable to a mercantile tax of $2, plus 1 mill of the over-the-counter sales, amounting to 24 cents, making $2.24 for each of the years involved in this appeal.

2. That defendant company is not liable for a mercantile tax on all the remaining gross sales which were made and delivered in interstate commerce.

### Order

And now, to wit, April 6, 1942, the court finds in favor of plaintiff in the sum of $15.68. An exception is noted for plaintiff and a bill sealed.