# Cupp Grocery Company *v.* City of Johnstown, Appellant.

*Taxes—Ordinance—Construction—Operating chain of stores in same city—Acts of June 27, 1913, P. L. 568 and May 27, 1919, P. L. 310.*

An ordinance passed by a city of the third class under authority of the Act of June 27, 1913, P. L. 568 as amended by the act of May 27, 1919, P. L. 310, providing for the levy of a license tax on "all persons, firms and corporations engaged in any trade, business" etc., and making the amount of the tax dependent upon the volume of business done, is a tax on the business designated, and not on the place of business, and a person or firm operating a number of grocery stores in the same city is not taxable on each separate store.

*Statutes—Tax law—Construction.*

The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. A tax law cannot be extended by construction to things not described as the subject of taxation.

Argued April 22, 1926.   Appeal No. 173, April T., 1926, by defendant, from judgment of C. P. Cambria County, June T., 1925, No. 889, in the case of Cupp Grocery Company v. City of Johnstown.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Petition for declaratory judgment.   Before EVANS, P. J., McCANN, J., and REED, P. J., of the Orphans' Court, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Judgment in favor of defendant for $100.   Defendant appealed.

*Error assigned* was the opinion of the court.

*Tillman K. Saylor,* and with him *Friedjoff D. Tappert,* for appellant.—The Act of Assembly is sufficiently broad in its terms to sustain the levy and collection of a license tax at each separate store and place

of business: Kieffer v. Ehler, 18 Pa. 388; Williamsport v. Wenner, 172 Pa. 173; Altoona v. O'Leary, 254 Pa. 25; Commonwealth v. Childs' Dining Hall Company, 32 Pa. Superior Ct. 467; Commonwealth v. Thomas Potter, Sons & Co., 159 Pa. 583.

*Frank P. Barnhart,* for appellee.—A statute or ordinance relating to taxation embraces only subjects clearly described and cannot be extended by implication or construction: Boyd v. Hood, 57 Pa. 98; Commonwealth v. Brush Electric Light Company, 204 Pa. 249; Commonwealth v. Harrisburg Light and Power Company, 262 Pa. 238; Commonwealth v. Pennsylvania Water and Power Company, 271 Pa. 456; Pittsburgh Terminal Coal Company appeals, 83 Pa. Superior Ct. 535.

OPINION BY CUNNINGHAM, J., July 8, 1926:

This is an appeal by the City of Johnstown from a declaratory judgment entered by the Court of Common Pleas of Cambria County under the Act of June 18, 1923, P. L. 840, and determining the rights and status of the Cupp Grocery Company, a corporation engaged in the grocery business in said city, as affected by the third class city act of 1913, as amended in 1919, and a certain municipal ordinance of said city.

The controversy out of which the proceeding arose involved the question whether said Cupp Grocery Company, the appellee, could legally be required under said act and ordinance to pay a separate license tax on each of the thirty-three stores it was then operating in said city or whether it was liable for only one license tax covering all the business transacted by it in said city. The court below decreed that appellee was entitled to have said license tax based upon the aggregate amount of business done regardless of the number of stores operated by it, and accordingly entered judgment in

favor of appellant, the City of Johnstown, in the sum of only $100 instead of $915, the amount claimed by said city.

The city appealed and assigned for error the entering of said decree. There was no dispute about the facts. Appellee during the year in question was engaged in the retail grocery business at thirty-three separate places of business in said city and the aggregate amount of its sales exceeded $100,000.

The third class city act of June 27, 1913, P. L. 568, article 5, section 3, clause 4, p. 580, as amended by the Act of May 27, 1919, P. L. 310, p. 315, inter alia, authorizes such cities by ordinance "to levy and collect a license tax for general revenue purposes, not exceeding $100 each, annually, on all auctioneers, contractors,......merchants of all kinds,......grocers," etc. Pursuant to the authority thus conferred appellant enacted Ordinance No. 26, as amended by Ordinance No. 164, entitled, "An ordinance—Providing for and regulating the assessment, levy and collection of annual license taxes upon trades, business, callings, occupations, matters and things within the City of Johnstown, Pennsylvania. The granting of licenses therefor and imposing penalties for the violation of said ordinance."

By Section 1 of said ordinance it is provided that the license tax therein specified shall be "levied annually upon all persons, firms and corporations engaged in any trade, business," etc., within the city. By the second section it is provided that "All grocers, druggists, confectioners,......doing business in the city, shall be classified and pay an annual license tax as follows: A—Retail Dealers. Class 1, whose annual sales amount to one hundred thousand ($100,000) dollars or over, shall pay one hundred ($100) dollars."

The persons, firms or corporations affected by said ordinance are divided into seven classes and the amount of tax payable by each class is dependent upon

the amount of business done.  In its opinion, holding
that appellant is not entitled to levy and collect a sepa-
rate tax on each store operated by appellee, the court
below said: "The language of the act merely refers to
dealers and not to places of business.  While we be-
lieve that this construction of the act is indicated
clearly in the language used we also find the ordinance
itself confirms such a reading, for example, in the case
of the taxation of a street railway company a tax is
placed against the company generally and later on a
tax is placed upon each car.  In the case of livery
stables or automobile garages there is a general tax
upon the persons engaged in such business, and an ad-
ditional tax upon each vehicle used.  Counsel for the
defendant relies for support of his contention upon the
cases of Atlantic Refining Co. v. Van Valkenburg, 265
Pa. 456; Commonwealth v. Thomas Potter, Sons & Co.,
159 Pa. 583; Commonwealth v. Abbotts Alderney Dai-
ries, 62 Pa. Superior Ct. 451; Commonwealth v. Ameri-
can Tobacco Co., 173 Pa. 531, all of which cases arise
out of the mercantile tax law.  This law, however, is
not one that may be used for comparison with the ordi-
nance of the City of Johnstown for the reason that an
examination of the statutes relating to mercantile
taxes will disclose the fact that these statutes require
the persons doing business to take out a license for
each and every store."

The court then proceeded to hold that appellant had
power and authority to pass an ordinance placing a
tax upon each place of business and that such an ordi-
nance would be reasonable and proper if appellant had
in mind nothing more than the additional work in con-
nection with police and fire protection occasioned by
having places of business at different locations in the
city.  The disposition of the only question that was
really before the court below did not require it to de-

cide whether appellant had power and authority to pass an ordinance taxing each place of business.

It is expressly provided by the said amendment of 1919 to the third class city act that the license taxes here in question are to be levied and collected for general revenue purposes and it may therefore well be doubted whether appellant has, in the exercise of its police power, authority to impose a tax as suggested by the court below. That question, however, is not involved on this appeal and we express no opinion upon it. The sole contention of the appellee is that appellant has not taxed its separate places of business in enacting the ordinance in question but has only taxed "persons, firms or corporations" engaged in, inter alia, the grocery business.

It is admitted by the learned city solicitor that it is not possible "to place one's finger on actual words in the above act of assembly stating that a corporation, or an individual, carrying on a business taxed under said act shall pay a license tax for the business transacted at each store," but it is argued that it is reasonable to infer that such was the intention of the legislature.

The rule however for the construction of the statute and ordinance in question upon this appeal is thus stated by Mr. Justice WALLING in Commonwealth v. Pennsylvania Water and Power Company, 271 Pa. 456, 458: "The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. In other words, 'A tax law cannot be extended by construction to things not described as the subject of taxation:' Boyd v. Hood, 57 Pa. 98. To entitle the Commonwealth to the tax imposed, the words of the statute must be clear and unambiguous: Com. v. Brush E. L. & P. Co., 204 Pa. 249, 252; Endlich on the Interpretation of Statutes, p. 478, section 345."

The difficulty with the cases cited in behalf of appellant relating to the imposition of the mercantile license taxes is that these taxes are imposed under a system of statutes authorizing their imposition on each separate place of business carried on by the same person or corporation.  For instance, in Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456, it is expressly pointed out in the opinion of our Supreme Court that prior legislation covering that case, and not repealed by the Act of May 2, 1899, P. L. 184, required that where a person shall have more than one store in which merchandise is vended such person shall be required to take out a license for each and every store.

Again, in Commonwealth v. Childs Dining Hall Company, 32 Pa. Superior Ct. 467, Porter, J., clearly points out that the Act of April 10, 1849, P. L. 570, in so far as it relates to eating-houses, restaurants and oyster cellars, was not repealed by the Act of May 2, 1899, P. L. 184, and that said prior act required the appellant in that case to take out a separate license for each separate establishment which it maintained in a city in this state.  The character of the tax imposed under the statutes involved in that case is thus described in the opinion: "The amount which the eating house keeper pays for his license is not in the nature of an occupation tax, a fixed charge imposed on all who follow a certain calling; neither is it a general tax upon the particular business of buying and selling food-stuffs, whether prepared or unprepared for immediate use."

We agree with the court below that the cases construing our mercantile tax laws do not aid in the construction of the ordinance here involved, and we are of opinion that this ordinance provides primarily for a tax upon certain specified trades, businesses, callings and occupations, which tax is imposed upon all persons, firms and corporations engaging therein.  As applied to the facts in this case it is a general tax upon the

designated business of engaging in the sale of groceries at retail graduated in proportion to the volume of annual sales and regardless of the number of places at which such sales are made.

The judgment is affirmed.