## Chester City v. Bostwick.

*A. A. Cochrane*, city solicitor, for plaintiff.

*John E. McDonough* and *William C. Alexander*, for defendant.

FRONEFIELD, P. J., November 15, 1930.—This is an appeal by A. S. Bostwick from a summary conviction for violation of an ordinance of the City of Chester, requiring all individuals, companies and corporations who move and haul merchandise, etc., in drays, carts, wagons and other vehicles for hire within the limits of the City of Chester to pay each year to said city a license tax.

On March 5, 1927, the City of Chester duly passed an ordinance providing, *inter alia:*

"That hereafter all individuals, companies and corporations who move and haul merchandise, goods, wares, articles and commodities of all sorts, kinds and descriptions, in drays, carts, wagons and other vehicles, for hire, within the limits of the City of Chester, shall, on or before the first day of January

in each year pay to the city treasurer a license tax for the ensuing year, which shall begin on the first day of January in each year.

"The drays, carts, wagons and other vehicles as aforesaid shall be submitted to the Department of Public Safety of the City of Chester for inspection prior to the application for a license.

"Upon the city treasurer receiving the certificate of approval from the department of public safety, and from the licensee the sum of twenty-five dollars, he shall hand said certificate with information that he has received payment of the license tax, as aforesaid, to the city clerk. The licensee shall then present to the city clerk his bond to the City of Chester in the sum of one thousand dollars, as indemnity against any damage, loss, cost, and expense to the city, growing out of moving and hauling by said licensee as aforesaid.

"Upon approval of said bond by the superintendent of the department of public safety, the city clerk shall then issue to said licensee a license in due form.

"The City of Chester shall have the right at any and all times to inspect the drays, carts, wagons and other vehicles of said licensee, and any dray, cart, wagon and other vehicle that is not satisfactory to the inspector shall be condemned.

"The City of Chester shall issue a license plate or tag to each licensee, which must be displayed in a conspicuous place upon the dray, cart, wagon or vehicle owned and operated by said licensee."

The ordinance also provides a penalty for its violation.

On August 24, 1928, the inspector in the department of public safety of said city made complaint to a magistrate that the defendant moved and hauled merchandise in drays, carts, wagons and other vehicles for hire within the limits of the City of Chester and had not paid to the city treasurer a license tax for the year 1928 or any part thereof and no license had been issued to him, and requested that the defendant be summoned to answer. The defendant appeared and, after hearing, was found guilty of the violation of the said ordinance and was sentenced. The defendant appealed after leave granted by the court, as stated in the transcript, though the record here does not show such allowance. The parties at the hearing of the appeal filed of record a stipulation that the evidence before the magistrate should be regarded as having been taken before the court. From this evidence it appears that the City of Chester notified the defendant in writing, prior to December 1, 1927, of the provisions of the ordinance and that they must be complied with on or before January 1, 1928; the defendant, from December 1, 1927, and until August 8, 1928, was the owner of a motor vehicle truck which he, during that time, used in his business of hauling merchandise for hire within the limits of the City of Chester. The defendant did not, on or before January 1, 1928, submit the said truck to the Department of Public Safety of the City of Chester for inspection and did not pay the city treasurer a license tax for the year 1928 to engage in the business of hauling and did not file with the city clerk a bond in the sum of $1000 and did not take out and receive a license to engage in the business of hauling in the City of Chester, as provided in the ordinance.

The evidence shows that the truck which the defendant was using in his business of hauling was duly licensed by the Department of Highways of the Commonwealth of Pennsylvania for operation by the defendant for the years 1927 and 1928.

It is clear from the evidence that the defendant did not comply with the provisions of the ordinance. He contends he is not required to do so because

his truck is licensed to operate in the State of Pennsylvania and that the City of Chester "may not impose another regulation upon him for its operation in hauling merchandise in the city for hire."

Section 702 of the Act of May 11, 1927, P. L. 886, under which defendant's truck was registered, at page 915, provides that "The fee for annual registration of motor vehicles . . . shall be at the rate of forty (40) cents for each horsepower," and section 721 (p. 920) provides that "The fees herein set forth shall be in the lieu of any other fees or taxes to be imposed by this Commonwealth or any subdivision thereof; and no city, borough, incorporated town, township or county shall require or collect any registration or license fee or tax for any motor vehicle, trailer or semi-trailer, or license from any operator thereof, except motor buses and motor omnibuses transporting passengers for pay or hire within the limits of any city or from points within such city to points outside of the city limits."

If the plaintiff is undertaking, under its ordinance, to require or collect a registration or license fee or tax for the defendant's truck, this act prohibits it: White Line Taxi Co. *v.* South Brownsville Borough, 291 Pa. 478, 91 Pa. Superior Ct. 46; Com. *v.* Loeb, 18 Del. Co. 389.

The plaintiff disclaims any such intention and contends that the ordinance is not aimed against the motor vehicle but against the business of moving and hauling merchandise for hire within the limits of the city, no matter what kind of a vehicle is used. The title of the ordinance provides for the licensing of individuals, etc., who move and haul merchandise, etc., and the ordinance provides that all individuals, etc., who move and haul merchandise in drays, carts, wagons and other vehicles for hire within the city limits shall on January 1st of each year pay a license tax for the ensuing year.

This is clearly not directed against the automobile or the other means of carriage, but is directed against the individual and the business of hauling, no matter by what character of conveyance.

It is argued that the license is for the means of conveyance, because the drays and carts are to be inspected and whether or not the dray passes inspection controls the granting of the license. This does not control the granting of the license to carry on the business, but it does control whether or not that vehicle is safe to carry on the business with safety to the public. The fact that a tag is issued and must be placed on a hauling vehicle does not show a taxing of the vehicle. When a vehicle is seen hauling merchandise, the officers have the right to know whether or not the hauling is being done by a licensed drayman. Indeed, if the licensee changes his vehicle or has a number of vehicles he may change the tag from one to another as often as he desires, so long as each one in use has a tag, and the payment of the license fee will warrant a tag for every vehicle used in the business: Cupp Grocery Co. *v.* Johnstown, 88 Pa. Superior Ct. 602.

Requiring a bond indemnifying the city from loss from operating the vehicle relates to the business of hauling and the method of its being performed and has nothing to do with a registration or license fee or tax on the vehicle employed.

To justify a city of the third class to levy and collect a license tax on the busines of moving and hauling merchandise there must be a statute, which embraces only such business as is plainly brought within its terms. The act cannot be extended to a business not described in it: Cupp Grocery Co. *v.* Johnstown, *supra;* Oil City *v.* Oil City Trust Co., 151 Pa. 454.

The Act of May 23, 1889, P. L. 277, article v, section 3, clause 4; the Act of June 27, 1913, P. L. 568, article v, section 3, clause 4, and the Act of May 27, 1919, P. L. 310, 315, section 9, do not authorize, and we know of no

act which does authorize, a city of the third class to levy a license tax on the business of "moving and hauling merchandise." That business is not brought within their terms.

This latter question is not raised by the defendant, but as it is fundamental and fatal to the plaintiff's case, we deem it imperative that we pass upon it: White v. Moore, 288 Pa. 411.

And now, November 15, 1930, the judgment is reversed and the defendant is discharged. From William R. Toal, Media, Pa.